PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 0 2024

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT

FOR THE __Northern__ DISTRICT OF TEXAS

__Dallas__ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

ERNEST EDWARD GAINES
_____
PETITIONER
(Full name of Petitioner)

**3-24CV-457-X**

PRESTON E. SMITH UNIT
_____
CURRENT PLACE OF CONFINEMENT

vs.

1364192
_____
PRISONER ID NUMBER

BRYAN COLLIER
_____
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

23-11161
_____
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.   The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.   Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.   Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.   If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☒ A judgment of conviction or sentence,   (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.

☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)

☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)

☐ Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   282ND Judicial District Court, Dallas County, Texas.

   _____

2. Date of judgment of conviction: April 19, 2006.

3. Length of sentence: Life.

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Aggravated Robbery F05-56570-S.

   _____

–2–

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☐ Not Guilty   ☒ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☒ No

8.  Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal?  05-06-00599-CR

    Fifth District of Texas      Cause Number (if known):  05-06-00599-CR

    What was the result of your direct appeal (affirmed, modified or reversed)?  Affirmed.

    What was the date of that decision?   June 28, 2007.

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result:  Refused.

    Date of result:  Dec. 12, 2007.      Cause Number (if known):  Pd-1098-07.

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court:  Court of Criminal Appeals, Austin, Texas

    Nature of proceeding:  Article 11.07 State Habeas Corpus

    Cause number (if known):  WR-43,178-06.

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____ July 07, 2008 _____

Grounds raised: _IAC at trial, on appeal due to inadequate inv & fail_

_to supply affidavit given court._____

Date of final decision: _9/22/10_____

What was the decision? _Court of Criminal Appeals, Austin, Texas_____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _Court of Criminal Appeals of Texas, Capitol Station, Austin,
                Texas.___

Nature of proceeding: _Writ of Habeas Corpus 11.07._____

Cause number (if known): _WR-43,178-07._____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_October 31, 2018._____

Grounds raised: _Trial Court failed to hold a Article 64.04 hearing to enter_

_entire contents of DNA Testing Report Results into evidence, so_ that
the Court has an entire record to review before makeing a decision in case.
Date of final decision: _2/20/2009._____

What was the decision? _____Denied._____

Name of court that issued the final decision: _Court of Criminal Appeals of Texas._

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking
    in this petition?        ☒ Yes    ☐ No

    (a) If your answer is "Yes," give the name and location of the court that imposed the sentence
        to be served in the future: _282ND Judicial District Dallas County, Texas._

        _____

    (b) Give the date and length of the sentence to be served in the future: ___Life._____

        _____

(c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☒ Yes   ☐ No

**Parole Revocation:**

13.  Date and location of your parole revocation: _____

14.  Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes   ☐ No

16.  Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.  Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.  Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____

_____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1  Result: _____

<u>Step 2</u>  Result: _____  _____

　　　　　Date of Result: _____

**All petitioners must answer the remaining questions:**

20.　　For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

　　　　CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.　　**GROUND ONE:** <u>Ineffective Assistance of Counsel.</u>

　　　　Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Trial Counsel Julie Lesser, and Appellate's Counsel's John Tatum, and Valencia Bush failed to file Motion To Hold DNA Hearing after the DNA Testing Results are completed. Trial Counsel Julie Lesser failed to file Motion For DNA Discovery. Trial Counsel Julie Lesser failed to file Motion Appoint Independant Expert To Assist In The Evaluation, Paration, and Presentation of Defense. Trial Counsel Julie Lesser failed to file Motion To Suppress DNA testing Results Report. Trial Counsel Julie Lesser failed to file Motion Request For Bench Warrant, Tell-Conference or a Spear Hearing. Trial Counsel Julie Lesser failed below deficien performance by not being present to represent appellant at the Trial Court's Findings of Fact on October 21, 2015. Trial Counsel Julie Lesser was not present at the DNA

B.　　**GROUND TWO:** <u>Fifth Amendment of the United State Constitution</u>

　　　　<u>a right for counsel representation.</u>

　　　　Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

　　　　<u>Trial Counsel did not represent appellant at the Trial Court's</u>

　　　　<u>Findings of Fact or the DNA Testing results report hearing after</u>

　　　　<u>the completion of the DNA testing. There is no hearing or court</u>

　　　　<u>report's trial transcripts of the hearing.</u>

**GROUND ONE:** DNA Testing results, because there was no hearing was held see the Official Court Reporter record, no record confirmed by Ms. Holt Official Court Reporter on October 21, 2015. Trial Counsel Julie Lesser , and Appellate Counsel's John Tatum, and Valenic Bush failed to give entire DNA Testing Results Report. Trial Counsel did not give appellant the DNA TEsting Results Report until five year later on November 11, 2019, and this report is not the entire DNA Discovery Testing Results Report. Trial Counsel Julie Lesser did not prepare a defense for appellant on DNA Testing Results Report of the State Forensic Scientist Nicole Mullins went on the assumption that the expert done her job, but in all actually she presented a false testing results to the 282ND Judicial District Court of Dallas County Texas, and counsel was ineffective in failing to consult experts to prepare to challenge State's Forensic Scientist DNA Testing Results Report evidence. Trial Counsel Julie Lesser was ineffective by failing to investgate, and cross-examination,suppress the DNA Report. Trial Counsel Julie Lesser deficient performance prejudiced the appellant defense by first counsel was not present at DNA hearing to represent the appellant, secondly the trial counsel did not file Motion To Hold DNA Hearing, after the DNA Testing results are completed, Motion For DNA Discovery, Motion Request For Bench Warrant, Tell-Conference or a Spears Hearing, Motion To Suppress DNA Testing Results Report, and Motion Appoint Independant Expert To Assist In The Evaluation, Preparation, and Presentation of appellant defense, this is the main point of the deficient performance prejudiced appellant pro bono expert Forensic Pathology Harry J. Bonnell, M.D. reviewed, and analyzed the DNA Report prepared by State's expert Forensic Scientist Nicole Mullins, and based on Harry J. Bonnell, M.D. review and analysis as well as my education, training and experience, it is my opinion to a reasonable degree of medical certainty that:

* None of the samples undergoing DNA analysis meet current criteria for a "match", i.e. the same findings at 13 loci on the DNA strand. As shown on the STR Data Worksheet, only six loci are matches and these are questionable for the reasons listed below.
* More serious are the errors betwween the STR Data Worksheet and the gene mapper graph.
* The gene mapper graph (GMP) shows INConclusive and 16 at locus D3S1358 yet the Data Worksheet erroneously list 16,16 for that locus.
* The GMP shows INConclusive and 14 at locus D19S433 yet the Data Worksheet erroneously lists 14,14 for that locus.
* The GMP shows INConclusive and 16 at locus vWA yet the Data Worksheet erroneously list 16,16 for that locus.
  This results in there being matching findings at only two loci, far from even being considered as ammatch.
  I am not being reimbused in any manner to rendering this analysis and report nor am I commenying on the false report of the 282ND Judicial Court wherein it stated that a hearing was held but that was untrue.
  I am will to testify, if needed, to the above.
  I declare that the foregoing is true and correct.
  Executed this 9th day of June in Boulder City, Nevada.
  Signed by Harray J. BonneIl, M.D. filed affidavit facts in Appellant's Writ of Habeas Corpus 11.073 Scientific Evidence, Actual Innocence, And Newly Dsicovered Evidence Exhibit's 'A' Affidavit of Harry J. Bonnell, M.D. with Curriculum. Now if a hearing was held it is reasonable probability but for the trial counsel's unprofessional error's, the result of the hearing would have been different. Also, prejudice the appellant by

elisie

not being present/abense at the Trial Court's Findings of Fact hearing,
investagteing the DNA Report, questioning/challenge the State's Forensic
Scientist DNA Report, presenting a defense for Aappellant in the close
hearing by Judge.
Appellant harm analysis is trial court counsel harmed appellant by not
investagteing the DNA Report, not being present/absencefrom the Trial
Court's Findings of Fact hearing, did not iinvestigate the DNA Report,
suppress the DNA Report, did not question/chanllenge the State's Forensic
Scientist DNA Report thie prejudice the appellant, and did not request
for ahearing after the completion of the DNA Testing.

C. **GROUND THREE:** Sixth Amendment to the United States Contitution

a right to cross-examination/confrontation clause the State's
expert forensic scientist.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial Court deprive me of the right to cross examination/confronta-

tion clause to question/chanllegne the State's Forsenic Scientist

entire DNA Report that court appointed counsel withheld from appell-

ant for five years.

D. **GROUND FOUR:** Fourteenth Amendment to the United Sates constitution

violation of due proess of law.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Appellant was denied a statutory right to a hearing if the trial court

orders DNA Testing and the results of such testing are then com-

plete. Counsel was not present/abcense at the hearing, this means

counsel was ineffective by not being present at the hearing to

represent appellant, Appellant did not have someone to represent
an question/chanellgene the State's Expert witness.Did not had a

21.  Relief sought in this petition: Appellant request a hearing/evidentiary hearing

sought this will prove appellant innocence on the interests of

justiceof appellant contitution claims.

entire DNA Report file this exculpatory evidence not entered into the
trial transcripts of clerk's reord oreder compel the State Court
to produce entire DNA report. Appellant request this court sub-peon
pro bono forensic pathologist Harry J. Bonnell to Testify to affidavit.
See Exhibit's 'A' Affidavit of Harry J. Bonnell, M.D. with Curriculum
Vitae, Exhibit's 'B' DNA Testing report by Forensic Scientist Nicole
Mullins, Exhibit 'C' Clerk's Record page 1-7, Exhibit 'D' Clerk's Record
Trial Court's Finding's of Fact page 336-338, Exhibit 'E' Appellant's
Motion To Hold Case Cause Number In Abeyance BEFORE Issue The Mandate
In This Cause number Filed on July 25,2022,Exhibit 'F' Court appointed
counsel letters sent to Ernest Gaines, Exhibit 'G' Letter's write to Mr.
John Creuzot Criminal District Attorney, Exhibit 'H' Letters of Mr. John
Creuzot responding to Ernest Gaines letters, Exhibit 'I' Letter from Judge
Amber Given-Davit, and Exhibit 'J' The Dallas Morning News Article Dallas
County 'Givens' recusal sought by 15' please read all!

22.    revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☐ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23.    Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.    Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)   At preliminary hearing: _____

    (b)   At arraignment and plea: _____

    (c)   At trial: _____

    (d)   At sentencing: _____

    (e)   On appeal: _____

    (f)   In any post-conviction proceeding: _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
       one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
       2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _____

−10−

# United States District Court
## Northern District of Texas

*Dallas Division*

12/12/2023

Ernest Edward Gaines
#1364192
TDCJ Smith Unit
1313 County Road 19
Lamesa, TX 79331

Re: Your correspondence received in the U.S. District Clerk's Office on  12/6/2023
Case No./Style:  3:20-cv-3598-X, Gaines v. Director, TDCJ-CID et al

The 5th Circuit Court of Appeals issued case number 23-11161 for your appeal filed on
11/14/2023. The address for the 5th Circuit Court of Appeals is listed below:

U.S. Court of Appeals
For The Fifth Circuit
600 S. Maestri Place
Suite 115
New Orleans, LA 70130

Sincerely,

Deputy Clerk -  axm

November 22, 2023

To: The United States Northern District of Texas
    Earl Cambell Federal Bldg.,
    Attn: Edmyud Dilth Clerk of the Court
    100 Commerce St. Rm. 1452
    Dallas, Texas 75242



RECEIVED

DEC - 6   2023

CLERK, U.S. DISTRICT COU
NORTHERN DISTRICT OF TE

From: Mr. Ernest Edward Gaines #1364192
      Smith Unit
      1313 County road 19
      Lamesa, Texas 79331

RE: STATUS INQUIRY
    **Ernest Edward Gaines v. The State of Texas W-0556570-C**

Dear Edmyud Dilth Clerk of the Court,
                            Sir, appellant received your re-

sponse on November 20, 2023, stateing that Appellant's Motion For Leave

To File Notice of Appeal was received, and stamped seal filed on Nov-

ember 14, 2023. You did not send the appeal number, and the due date

of the appeal brief. Would you please send me the information above so

I can file my motion/petition brief to this Court as soon as possible!

Sir, I'm sending a stamped enevolpe, so you can send me a copy of the

stamped seal file date of this letter to  send me the following informa-

tion as soon as possible! Thank you for your assistance with this matter!

                            Sincerely,
                                        Ernest E Gaines
                                        Applicant's Pro Se

c.c.:File.

Mr. Ernest E. Gaines #136192
Smith Unit
1313 County Road 19
Lamesa, Texas 79331



DEC - 6 2...
P.O. BOX...

75242-999555

LUBBOCK TX 794

29 NOV 2023 PM 1 L



FOREVER USA

The United States Northern District of Texas
Earl Cambell Federal Bldg.,
ATTN: Elmayid Dilth Clerk of the Court
100 Commerce St. Rm. 1452
Dallas, Texas 75242

February 08, 2024

To:United States District Court
     Office Of The Clerk
   Northern District Of Texas
   1100 Commerce St., Room 1452
   Dallas, Texas 75242-1310

From: Mr. Ernest Edward Gaines #1364192
      Smth Unit
      1313 County Road 19
      Lamesa, Texas 79331



RE: 23-11161  **Ernest Edward Gaines vs. Bryan Collier**

Dear Office Of The Clerk,
                    I would like your assistance in fileing this

Writ  of Habeas Corpus 28 USC § 2254  with this Court. I have put a

stamped enevolpe in this letter, so that you can send me copies of the

sealed fileing date of this Writ of Habeas Corpus 28 USC § 2254 for my

resonal files! Thank you for your assistance with this matter!

     EXECUTEd on this _8_ day of _Feb_____, 2024.

                         Respectfully Submitted,

                        _Ernest E. Gaines_
                        Appellant's Pro Se

c.c.File.

*I put the return letter you sent me, but I did not receive the letter until the
January Feb 8, 2024. See I-60 from the mailroom supervisor ms.clanahon Admin.
Asst. II, I'm on time!*

February 08, 2024

To:United States District Court
Office Of The Clerk
Northern District Of Texas
1100 Commerce St., Room 1452
Dallas, Texas 75242-1310

From: Mr. Ernest Edward Gaines #1364192
Smith Unit
1313 County Road 19
Lamesa, Texas 79331

RE: 03-11161  Ernest Edward Gaines vs. Bryan Collier

Dear Office Of The Clerk,
I would like your assistance in filing this

Writ of Habeas Corpus 28 USC § 2254  with this Court. I have put a

stamped envelpe in this letter, so that you can send me copies of the

sealed filing date of this Writ of Habeas Corpus 28 USC § 2254 for my

personal files! Thank you for your assistance with this matter!

EXECUTED on this ___ day of _____, 2024.

Respectfully Submitted,
_____
Appellant's Pro Se

c.c.file.

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE ST., ROOM 1452
DALLAS, TX 75242-1310

OFFICIAL BUSINESS

LEGAL MAIL

4-10413

Received
1-8-24

02 1P                    $ 000.630
0000016045               DEC 28 2023
MAILED FROM ZIP CODE 75242

UNITED STATES POSTAGE
PITNEY BOWES

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.

☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

☐ Restoration of Lost overtime (Unit Warden-if approved, will be forwarded to the State Disciplinary Committee)

☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

☐ Clemency-Pardon,parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole, requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _Mail room Supervisor / his behalf Mc Clanahan Admin_ DATE: _2-5-24_

(Name and title of official)

ADDRESS: _Smith_

**SUBJECT:** State briefly the problem on which you desire assistance.

The United States District Court Northern District of Texas Northern District of Texas Dallas Division 1100 commerce st, Room 452 Dallas Division Sent me legal mail and I picked it up on January @ 2024 receive purchase verify that I picked up legal mail on this illegal. These legal

yes you picked it up on the 8th of Jan.

Name: ERNEST E Gaines   No: 1364142   Unit: Smith

Living Quarters: G-103D   Work Assignment: Transfer & wh

**DISPOSITION:** (Inmate will not write in this space)

G- 103b

I-60 (Rev. 11-90)

Mr. Ernest E. Gaines #1364192
Smith Unit
1313 County Road 19
Lamesa, Texas 79331

Retail
RDC 03
75242

U.S. POSTAGE PAID
PM
LAMESA, TX 79331
FEB 14 2024
$0.00
R2304M110207-01

RECEIVED
FEB 20 2024

X-RAY

United States District Court
Northern District of Texas
Office of the Clerk
1100 Commerce St., Room 1452
Dallas, Texas 75242-1310

7019 2970 0001 1143 6775

CERTIFIED Mail

FREEDOM