FILED

2023 JUL 19  AM 10: 28

FELICIA P. TRE
DISTRICT CLERK
DALLAS CO., TEXAS

Melissa Cruz DEPUTY

**Writ No. W-0556570-C**

Exhibit's 'A' Affidavit of Harry J. Bonnell, M.D. with Curriculum Vitae.

**3-24CV-457-X**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 20 2024

CLERK, U.S. DISTRICT COURT
By_____
          Deputy



## SALBBA

TRK#
[0201] 7770 8902 9633

ORIGIN ID:LASA (619) 204-4496
HARRY BONNELL
BONNELL LAW OFFICES
1400 COLORADO ST. STE C

BOULDER CITY NV 89005
UNITED STATES US

TO ERNST GAINES
TDC#01364192
SMITH UNIT
1313 COUNTY ROAD 19
LAMESA TX 79331
(619) 204-4496
INV:
PO:

REF AFFIDAVIT AND VIA MED RECS
DEPT:

SHIP DATE: 10JUN22
ACTWGT: 0.50 LB
CAD: 1703603/INET4490

BILL SENDER

WED - 15 JUN 4:30P
EXPRESS SAVER

TX-US
79331
LBB

FedEx
Express

577J2274F/FE4A

---

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

I.    **AFFIDAVIT OF HARRY J. BONNELL, M.D.**

Re: Ernest GAINES, TDCJ#01364192

I, Harry J. Bonnell, M.D., declare as follows:

1.    I am a medical doctor, currently employed as a Forensic Pathologist licensed to practice Medicine in the State of California. A true and correct copy of my curriculum vitae is attached as **Exhibit A.**

2.    I attended Georgetown University Medical School in Washington, D.C., and graduated from that program in 1979. I have taught at the University of Washington, Madigan Army Medical Center, King County Corrections Center, Uniformed Services University of Health Sciences, University of Cincinnati College of Medicine, and the School of Medicine of the University of California, San Diego.

3.    From 1991-2001, I was the Chief Deputy Medical Examiner for the Office of the Medical Examiner in San Diego, California. I have also been Chief Deputy Coroner and Director of Forensic Pathology of Hamilton County, Ohio, Staff Pathologist in the Forensic Sciences Department at the Armed Forces Institute of Pathology, and Assistant Medical Examiner of King County, Washington.

4.    I have personally performed over 7000 autopsies and provided sworn testimony more than 950 times in the Superior Courts of twenty states, six Federal Court jurisdictions, and eight military courts.

5.    I have agreed to help the above-named inmate on a *pro bono* basis by reviewing and analyzing testimony, reports and other forensic materials related to his conviction and within my field of expertise.

6.    I have reviewed and analyzed

1

- The DNA sample submission forms of 11/20/2014
- The STR Data Worksheet
- All of the printouts of the DNA Analysis using Applied Biosystem Gene Mapper to include page 2 which pertains to the driver door sample.

7.      Based on this review and analysis as well as my education, training and experience, it is my opinion to a reasonable degree of medical certainty that:

- None of the samples undergoing DNA analysis meet current criteria for a "match", i.e. the same findings at 13 loci on the DNA strand. As shown on the STR Data Worksheet, only six loci are matches and these are questionable for the reasons listed below.
- More serious are the errors between the STR Data Worksheet and the gene mapper graph.
- The gene mapper graph (GMP) shows INConclusive and 16 at locus D3S1358 yet the Data Worksheet erroneously lists 16,16 for that locus.
- The GMP shows INConclusive and 14 at locus D19S433 yet the Data Worksheet erroneously lists 14,14 for that locus.
- The GMP shows INCconclusive and 16 at locus vWA yet the Data Worksheet erroneously lists 16,16 for that locus.

This results in there being matching findings at only two loci, far from even being considered as a match.

2

8.     I am not being reimbursed in any manner for rendering this analysis and report nor am I commenting on the false report of the 282nd Judicial Court wherein it stated that a hearing was held but that was untrue.

9.     I am willing to testify, if needed, to the above.

I declare that the foregoing is true and correct.

Executed this _9th_ day of _June 2022_ in Boulder City, Nevada.

_____
HARRY J. BONNELL, M.D.

State of: NEVADA
County of: CLARK
The foregoing document was acknowledged
before me 9 day of June 2022.
_____
JEAN A SLATER, Notary Public
My Commission Expires: FEB. 01, 2026

JEAN A SLATER
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 02-75498-1
My Appt. Expires FEBRUARY 1, 2026

3

## CURRICULUM VITAE

**Harry J. BONNELL, M.D.**
Forensic Pathology Consultant
1400 Colorado Street
Boulder City, Nevada 89005

E-Mail: bonnell@4n6pathology.com

## EDUCATION AND TRAINING

| UNDERGRADUATE: | Georgetown University Washington, D.C. | | BA 1965-1968 |
|---|---|---|---|
| MEDICAL EDUCATION: | Georgetown University Washington, D.C. | | MD 1975-1979 |
| RESIDENCY: | Veterans Administration Medical Center Martinez, California | Anatomic Path | 1979-1981 |
| | University of Washington Seattle, Washington | Anatomic Path | 1982-1983 |
| FELLOWSHIP: | Office of the Medical Examiner Seattle, Washington | Forensic Path | 1981-1984 |
| CERTIFICATION: | Anatomic & Forensic Pathology | | 1985 |
| LICENSURE: | California, 1979 & 1991(active) Washington, 1981 (inactive) Ohio, 1987 (inactive) | | |

### MILITARY SERVICE

| | | |
|---|---|---|
| U.S. Army, Military Police | Rank of Captain | 1969-1973 |
| U.S. Air Force, Medical Corps | Rank of Major | 1984-1987 |

BONNELL, Harry J.                    – 2 –

## ACADEMIC APPOINTMENTS

| | |
|---|---|
| Instructor in Pathology<br>University of Washington<br>Seattle, Washington | 1981-1984 |
| Instructor in Pathology<br>Madigan Army Medical Center<br>Fort Lewis, Washington | 1981-1984 |
| Instructor, King County Corrections Center<br>Rehabilitation Program<br>Seattle, Washington | 1983-1984 |
| Adjunct Assistant Professor<br>Uniformed Services University of Health Sciences<br>Bethesda, Maryland | 1985-1987 |
| Assistant Clinical Professor, Pathology<br>University of Cincinnati College of Medicine<br>Cincinnati, Ohio | 1987-1991 |
| Associate Clinical Professor, Pathology<br>U.C. San Diego School of Medicine<br>San Diego, California | 1992-2006 |

## EMPLOYMENT HISTORY

1981-1984: Assistant Medical Examiner, King County (Seattle)
          Washington

1984-1987: Staff Pathologist, Forensic Sciences Department,
          Armed Forces Institute of Pathology, Washington, D.C.

1987-1991: Chief Deputy Coroner and Director of Forensic
          Pathology, Hamilton County (Cincinnati), Ohio

1991-2001: Chief Deputy Medical Examiner
          San Diego County, California

2001-Present: Self-employed consultant

Bonnell, Harry J.                    − 3 −

## PROFESSIONAL AFFILIATIONS

American Academy of Forensic Sciences (1980-present)
National Association of Medical Examiners (1980-present)
Parents of Murdered Children
   Member, Board of Trustees (1991- 2015)
   Member, Second Opinion Services (1998-2015)
San Diego County Child Fatality Review Committee (1991- 2001)
                              Chair/Co-Chair 1993-98
San Diego County Domestic Violence Review Committee (1997-2001)
San Diego Citizen Review Board on Police Practices (2005-2013)

## PUBLICATIONS

Terminal Air Embolus Associated with Pneumatosis Cystoides
Intestinalis, Am J For Med & Path, March, 1982.

Antemortem Chemical Hypothyroxinemia, J For Sci, January, 1983.

Boot Top Fractures in Pedestrians: A Forensic Masquerade, Am J For
Med & Path, June, 1983.

Synchronous Bilateral Seminomas and Teratoma, Henry Ford Hospital
Med Journal, December, 1983.

Ethanol in Sequestered Hematomas: Quantitative Evaluation, Am J
Clin Path, 1984.

Left Pontine Lipoma, Arch of Path, 1985.

Correlation of Physical Findings with Circumstances Surrounding
Death in Hangings, J For Sci, 1985.

A Procedure for the Investigation of Anesthetic/Surgical Deaths, J For Sci, 1985.

Fatty Liver in Sudden Childhood Death: Implications for Reye's
Syndrome, Am J Dis Children, 1986.
**also printed in French edition.

Wah Mee Massacre: the Murder of 13 Chinese Adults, Am J For Med &
Path, December, 1986.

Bonnell, Harry J.                         – 4 –

Clinical and Pathologic Aspects of Cardiomyopathy from Ipecac
Administration in Munchausen's Syndrome by Proxy, Pediatrics, 1996.
     *** also extracted for Quarterly Child Abuse Medical Update

Post-mortem Drug Redistribution, Forensic Sciences Review, July, 2001.

## OTHER QUALIFICATIONS

Medicolegal autopsies:  More than 7000 performed personally.

Testimony experience:  Provided sworn testimony more than 950 times
             in 20 states, as well as federal courts and courts martial.

Aircraft Mishaps:  37 on-site investigations to include autopsies.

2008 – present: Appointed to Expert Witness Panel, Los Angeles Superior Court

## OTHER ACTIVITIES

| | |
|---|---|
| Eucharistic Minister, St. Therese Parish, San Diego | 1992 – 2016 |
| Parish Council (Communications Chair) | 1996-1998. |
| Little League Umpire (Volunteer) | 1992 - 2016 |
| San Carlos LL Umpire-in-Chief | 1994 – 1998 |
| District 33 Patriot League (Seniors) Umpire-in-Chief | 1997 – 2008 |
| Synchronized Swimming Judge (volunteer) Level III | 1994 – 2008 |

## MOST VALUED AWARDS

1973 – US Army Meritorious Service Medal
1986 – US Army Meritorious Service Medal (1st Oak Leaf Cluster) while serving in US
     Air Force
1987 – Department of Defense Commendation Medal
1996 – Foundation For Improvement of Justice Medal ($10,000 award)
1999 – Physician of the Year, San Diego County Child Abuse Coordinating Committee
2001 – Little League Umpire Service Award
2002 – First Responder Award (San Diego International Airport)
2003 – Empty Shoes Award (Parents of Murdered Children)
2007 - Selected for Europe/Middle East/Africa Little League Umpire in World Series
Regional Tournaments
7/2021

Exhibit's 'B' DNA Testing report by Forensic Scientist Nicole Mullins.

US POSTAGE
ZIP 75232 $ 008.9
02 4Z
0000352611NOV 1

Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., 9th Floor, LB 2
Dallas, Texas 75207

Julie Lesser

Mr. Ernest Edward Gaines
TDCJ #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886



**DALLAS COUNTY**
Public Defender's Office

November 11, 2019

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

*Re: State of Texas vs. Ernest Edward Gaines, F05-56570-S*

Dear Mr. Gaines,

Enclosed please find the DNA Laboratory Report dated 3/31/15 and the Forensic Biology Laboratory Report dated 1/27/15. I have also included the information I received from DPS regarding your case. It totals 58 pages.

All other documents in my file have already been provided to you via letters dated August 15, 2014 (Order Appointing Counsel, Chapter 64 Motion and Court's Notification), September 22, 2014 (general correspondence), October 8, 2014 (State's response), November 11, 2014 (Order Granting Motion), July 15, 2015 (DPS lab reports which are duplicated above) and August 12, 2015 (Chapter 64 Findings).

Best of luck to you in the future.

Sincerely,

Julie Lesser
Assistant Public Defender

Encl.



STEVEN C. McCRAW
DIRECTOR
DAVID G. BAKER
ROBERT J. BODISCH, SR.
DEPUTY DIRECTORS

# TEXAS DEPARTMENT OF PUBLIC SAFETY

CRIME LABORATORY
402 W IH 30
Garland, TX 75043-5902
Voice 214-861-2190  Fax 214-861-2194
GarlandCrimeLab@dps.texas.gov



COMMISSION
A. CYNTHIA LEON, CHAIR
MANNY FLORES
FAITH JOHNSON
STEVEN P. MACH
RANDY WATSON

## Laboratory Case Number: GAR-1411-12607

### Forensic Biology Laboratory Report
Issue Date:  January 27, 2015

Karen Wise
Dallas County District Attorney's
Office
133 N Riverfront Blvd
Dallas, TX 75207

**Agency Case Information:**  Dallas County District Attorney's Office - F0556570S

**Offense Information:**  Robbery - 08/28/2005 - Dallas County

**Suspect(s):**  GAINES, ERNEST EDWARD (DOB 06/01/1966)

**Victim(s):**  CANTU, M███████████

**Submission Information:**

01 - brown box on November 10, 2014 by Hammond, James VIA In Person
03 - 6x9 white envelope on January 12, 2015 by Hammond, James VIA In Person

**Requested Analysis:** Screen for biological evidence.

## Evidence Description, Results of Analysis and Interpretation:

### 01 : brown box

According to the submission form, 5 samples and 1 control sample were submitted; however, only 3 samples and 1 control sample were received.

### 01-01 : Swab from the left rear tire (Item 1)

Presumptive testing for the presence of blood was positive.

### 01-02 : Swab from the left door (Item 1)

Presumptive testing for the presence of blood was positive.

### 01-03 : Swatch from the driver's door (Item 1)

Presumptive testing for the presence of blood was positive.

### 01-04 : Control from front door (Item 1)

No stains having the appearance of blood were observed.

### 03 : 6x9 white envelope

### 03-01 : Buccal specimen from suspect (Item 2)

Item was collected to be used as a reference.

## Investigative Leads and Requirements for Further Analysis:

For comparison purposes, please submit known specimens from the victim.  Contact the laboratory for instructions on the proper collection method for additional evidence.

ACCREDITED BY THE AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS - LAB ACCREDITATION BOARD
COURTESY · SERVICE · PROTECTION

T4CP5 1L.05.15

GAR-1411-12607

## Forensic Biology Laboratory Report

January 27, 2015

### Disposition:

DNA analysis will be performed on selected stains from this case. A separate report will be issued upon completion of this analysis.

The swab from the left rear tire, the swab from the left door, the swatch from the driver's door, and the suspect's buccal specimen will be retained frozen to preserve the biological constituents.

We are unable to retain the remainder of this evidence. Please make arrangements to pick it up at your earliest convenience.

This report has been electronically prepared and approved by:
Flavia Schamber
Forensic Scientist
Texas DPS Garland Crime Laboratory



# TEXAS DEPARTMENT OF PUBLIC SAFETY

### CRIME LABORATORY
402 W IH 30
Garland, TX 75043-5902
Voice 214-861-2190 Fax 214-861-2194
GarlandCrimeLab@dps.texas.gov



STEVEN C. McCRAW
DIRECTOR
DAVID G. BAKER
ROBERT J. BODISCH, SR.
DEPUTY DIRECTORS

COMMISSION
A. CYNTHIA LEON, CHAIR
MANNY FLORES
FAITH JOHNSON
STEVEN P. MACH
RANDY WATSON

## Laboratory Case Number: GAR-1411-12607

### DNA Laboratory Report
Issue Date:   March 31, 2015

Karen Wise
Dallas County District Attorney's Office
133 N Riverfront Blvd
Dallas, TX 75207

**Agency Case Information:**        Dallas County District Attorney's Office - F0556570S
**Offense Information:**     Robbery - 8/28/2005 - Dallas County
**Suspect(s):**     GAINES, ERNEST EDWARD (DOB 06/01/1966)
**Victim(s):**     CANTU, M

Requested Analysis: Perform forensic DNA analysis.

Perform Post-conviction DNA analysis on the items submitted pursuant to Court Order F05-56570-S in the 282nd Judicial District Court, Dallas County, Texas. Please refer to the previous Forensic Biology Laboratory Report dated January 27, 2015.

## Evidence Description, Results of Analysis and Interpretation:

Portions of the items were extracted by a method which yields DNA.

The DNA isolated was analyzed using STR (Short Tandem Repeat) PCR (Polymerase Chain Reaction) analysis. The following loci were examined: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, Amelogenin, D5S818, and FGA.

### 01-01 : Swab from the left rear tire (Item 1)
The DNA profile is consistent with an unknown female contributor.

### 01-02 : Swab from the left door (Item 1)
No interpretable DNA profile was obtained.

### 01-03 : Swatch from the driver's door (Item 1)
No interpretable DNA profile was obtained.

### 03-01 : Buccal specimen from suspect (Item 2)
The DNA profile was used for comparison purposes.

### Disposition:

Remaining samples of the items analyzed for DNA will continue to be retained frozen to preserve the biological constituents.

We are unable to retain the remainder of the evidence. Please make arrangements to pick it up at your earliest convenience.

GAR-1411-12607                          DNA Laboratory Report                    March 31, 2015

This report has been electronically prepared and approved by:

Nicole Mullins
Forensic Scientist
Texas DPS Garland Crime Laboratory

TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**Laboratory Submission Form**
LAB-06 Rev.01 (05/2013) p.1 Issued by: QAC

☒ New   ☐ Additional   ☐ Resubmission
☐ Corrected Copy

Date Resubmitted _____

# GAR-1411-12607

**DALLAS CO DA**
Date Submitted: 11/10/2014   JTrax Evid #: 01

| | |
|---|---|
| Agency | Dallas County District Attorney |

Agency Case # F05-56570-S

brown box

Offense    AGG ROBBERY DW

☐ Drop Box  ☐ Mail/Certified  ☐ Other _____

Offense Date    08/28/2005

James Hammons #414 Dallas Co. D.A.
Printed Name                              Agency

Offense County Dallas

James Kimmel #414       11.10.2014
Signature                              Date

**Case Contact Person Information**

Title/Full Name    Karen Wise - Assistant D.A.

Badge Number _____

Physical Address 133 N Riverfront Blvd., LB19

Phone _____    Fax 214-653-3643

City, State, Zip    Dallas, TX 75207-4399

Email _____

## Individual (S=Suspect, V=Victim, E=Elimination)

| S/V/E | Name (Last, First, Middle) | Sex | Race | DOB | State | Driver License # | State ID # |
|---|---|---|---|---|---|---|---|
| S | Gaines, Ernest Edward | B | M | 06/01/1966 | | | SID# 04143737 |
| V | Cann, M | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Description of Evidence Submitted

(Attach Brief Synopsis/Offense Report For All Cases Except Drug/Blood Alcohol Cases)

| Agency Item # | # of Items | Description of Evidence *Please indicate if item is Probable Cause* | Source | Type of Exam(s) Requested |
|---|---|---|---|---|
| 1 | 1 | Sealed box Dallas PD Property Tag# 381410-A containing 5 blood samples and 1 control sample | Dallas PD property room | see Court Order |
| | | Attention: James Nichols | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## Dallas Police Department
## Property Unit Receipt

| Receipt Date: | 11/10/2014 | Officer(s): | Cynthia Schoelen [0000] |
| Clerk: | Cindy Schoelen | | Dallas Police Department |
| | | | Coordinator 2 |
| Action: | Checkout | | (214)670-8318 |
| Location: | Lab : DPS Lab | | |

| ICN | Tag | Article | Service No | Retain |
|-----|-----|---------|-----------|--------|
| 0044727-0103013 | 381410A | BLOOD STANDARD | 693330P | ☐ |
| 0044727-0103014 | 381410A | CONTROL | 693330P | ☐ |

Signature:

*Jarry Hamel 4/4*

---

Received By _____

Date / Time _____

Signature _____

Title _____

Address _____

Telephone _____



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**STR Data Worksheet**
LAB-DNA-14 Rev 04 [10/2012] p.1 Issued by QAC

Lab Case # **GAR-1411-12607**

Analyst  Nicole Mullins

Date  3/2/15

( ) = Weaker Alleles
NR - No Reaction
ND - Not Done
INC - Inconclusive

| Unique Identifier | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03-01: sus Ernest Gaines | 13,15 | 29,3 | 10,11 | 9,12 | 16,16 | 6,7 | 12,12 | 8,10 | 20,25 | 14,14 | 16,16 | 6,8 | 15,18 | X,Y | 10,11 | 21,24 |
| 01-01: stain from "left rear tire" | | | | | | | | | | | | | | X,X | | |
| 01-02: stain from "left door" | 13,14 | INC | INC | INC | 16,17 | 7,INC | INC | INC | INC | 14,14.2 | 16,16 | INC | INC | X,X | 9,11 | INC |
| 01-03: stain from driver's door | 13,15 | INC,31 | NR | INC | 16,16 | 6,INC | 12,12 | INC | INC | 14,14 | 16,16 | INC | INC | X,Y | 10,11 | INC |

the evidentiary profiles were evaluated prior to comparison to known samples. All profiles were evaluated for CODIS eligibility.

conclusions:     01-01: single source unknown female

01-02, 01-03: no interpretable profile

Initials: NM

CRIME LABORATORY

## Laboratory Submission Form
LAB-06 Rev.01 (05/2013) p.1 Issued by: QAC

☐ New ☒ Additional ☐ Resubmission
☐ Corrected Copy

Date Resubmitted _____

# GAR-1411-12607

**DALLAS CO DA**
Date Submitted: 01/12/2015    JTrax Evid #: 03

6x9 white envelope

☐ Drop Box ☐ Mail/Certified ☐ Other _____

Agency        Dallas County District Attorney

Agency Case #  F05-56570-S

Offense        AGG ROBBERY DW

Offense Date   08/28/2005

Offense County Dallas

Printed Name   James Hammons        Agency   Dallas Co. D.A.

Signature   _Donis Hammons_        Date   01-12-2015

## Case Contact Person Information

Title/Full Name   Karen Wise - Assistant D.A.

Badge Number _____

Physical Address  133 N Riverfront Blvd., LB19

Phone ~~214-653-3643~~      Fax 214-653-3643

City, State, Zip   Dallas, TX 75207-4399

Email _____

## Individual (S=Suspect, V=Victim, E=Elimination)

| S/V/E | Name (Last, First, Middle) | Sex | Race | DOB | State | Driver License # | State ID # |
|-------|---------------------------|-----|------|-----|-------|------------------|-----------|
| S | Gaines, Ernest Edward | B | M | 06/01/1966 | | | SID# 04143737 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Description of Evidence Submitted
(Attach Brief Synopsis/Offense Report For All Cases Except Drug/Blood Alcohol Cases)

| Agency Item # | # of Items | Description of Evidence<br>Please indicate if item is Probable Cause | Source | Type of Exam(s) Requested |
|---------------|-----------|---------------------------------------------------------------------|--------|---------------------------|
| 2 | 1 | buccal swab kit from Ernest Gaines SID# 04143737 | Ernest Gaines | see Court Order |
| | | Attention: James Nichols | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

# STR Data Worksheet
LAB-DNA-14 Rev.01 (10/2012) p.1 Issued by: QAC

Lab Case # GAR-1411-12607
Analyst Nicole Mullins
Date 3/2/15

( )=Weaker Alleles   NR=No Reaction   ND=Not Done   INC=Inconclusive

| Unique Identifier | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03-01: sus Ernest Gaines | 13,15 | 29,31 | 10,11 | 9,12 | 16,16 | 6,7 | 12,12 | 8,10 | 20,25 | 14,14 | 16,16 | 6,8 | 15,18 | X,Y | 10,11 | 21,24 |
| 11-01: stain from "left rear tire" | | | | | | | | | | | | | | | | |
| 01-02: stain from "left door" | 13,14 | INC | INC | INC | 16,17 | 7,INC | INC | INC | INC | 14,14.2 | 16,16 | INC | INC | X,X | 9,11 | INC |
| 01-03: stain from driver's door | 13,15 | INC,31 | NR | INC | 16,16 | 6,INC | 12,12 | INC | INC | 14,14 | 16,16 | INC | INC | X,Y | 10,11 | INC |

The evidentiary profiles were evaluated prior to comparison to known samples. All profiles were evaluated for CODIS eligibility.

Conclusions:
01-01: single source unknown female
01-02, 01-03: no interpretable profile

Initials: NM



**Biological Evidence Screening Worksheet**

Garland DPS Crime Laboratory

**Case Number:** GAR-1411-12607

**Analyst:** Flavia Schamber

**Analysis Date:** 01/18/15 and 01/19/15

| QC | TMB | PHT | LMG | AP | ALS |
|---|---|---|---|---|---|
| Positive Ctrl | x | | | | |
| Negative Ctrl | x | | | | |

| Item # | Age # | Item Description | Blood | Human | ALS | AP | Sperm | P30 | Stain Collected? | Trace Collected | Notes and Tests |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 1 | brown box | | | | | | | | N | PS FTC closed brown paper bag FTC Ex 01-01 to 01-04 |
| 01-01 | 1 | Swab from the left rear tire | TMB: + | | | | | | F | N | sealed and initialed swab box FTC x1 swab (brown/green stain) Cut ~1/2 of a swab for DNA analysis |
| 01-02 | 1 | Swab from the left door | TMB: + | | | | | | F | N | sealed and initialed swab box FTC x1 swab (brown/green stain) Cut ~1/2 of a swab for DNA analysis |
| 01-03 | 1 | Swatch from the driver's door | TMB: + | | | | | | F | N | sealed and initialed brown paper bag FTC x1 gray swatch with a brown/yellow stain swatch is triangle shape (~80mm, 80mm, and 100mm long), back of swatch is labeled as "RLD 8-29-05" Cut 10x10 mm for DNA analysis |
| 01-04 | 1 | Control from front door | | | | | | | | N | sealed and initialed brown paper bag FTC gray swatch (~50x70 mm) with no staining "RLD 8-29-05" No stains having the appearance of blood were observed. |
| 03 | 2 | 6x9 white envelope | | | | | | | | N | PS FTC closed clear plastic bag FTC envelope FTC Ex 03-01 |
| 03-01 | 2 | Buccal specimen from suspect | | | | | | | F | N | x2 swabs Cut ~1/2 of a swab for DNA analysis |

Note: Slides are examined at ≥400x (S), unless otherwise noted.

1/20/2015

THDPS 81.05.15 (REIS Worksheet.rpt)

Pg. 2



**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-10-15nm-Rush5-a

NM









Used for Report

Wed Feb 11 2015 08:38AM CST            Printed by: analyst



Printed by: analyst

Pg. 3

**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-10-15nm-Rush5-a

NM



Used for Report

Wed Feb 11,2015 09:04AM CST                    Printed by: analyst



Pg.5

**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-13-15nm Rush5 RA

NM

| Sample File | Panel |
|---|---|
| 05-E1-FRS-GAR-1411-12607-01-01-tire_2015-02-13_A05.fsa | Identifiler_Plus_Panels_v1X |

# Unidentified

# Female

# Profile

## DNA BATCH REVIEW

CASE # _____

DATE/INITIALS OF BATCH CREATOR: NM  2|16|15

DATE/INITIALS OF BATCH REVIEW: 2.18.15 -DC-

|  |  | Batch name: Rush Plate 5 | Batch Reviewer |
|---|---|---|---|
| Extraction | | Extraction type selected | ✓ |
| | | Time/Temperature(s) noted | ✓ |
| | | Extract volumes noted | ✓ |
| | | Reagent blank volume less than or equal to sample volume | ✓ |
| | | Extraction sheets present, if needed, (Differential/Manual/Clean-up) | ✓ |
| | | Tube order verified | — |
| Quant | | Kit lot # and expiration date present | ✓ |
| | | 7500 used noted and correct kit checked | ✓ |
| | | Tube order verified (if samples in tubes) | ✓ |
| | | Reviewed std curve and checked for true negatives and potentially inhibited samples | ✓ |
| Amp | | Positive & negative controls present | ✓ |
| | | Kit lot # and expiration date present with correct kit checked | ✓ |
| | | Thermal cycler used denoted | ✓ |
| | | Reagent blank(s) amped at volume equivalent to largest sample volume amped | ✓ |
| | | Tube order verified (if samples in tubes) | ✓ |
| Post-Amplification | | Run retyped, reanalyzed, and reviewed | ✓ |
| | | Reasons for re-injections noted | ✓ |
| | | Alternate injection times noted on injection list | ✓ |
| | | Reagent blanks and negative controls verified no profile | ✓ |

-- = N/A  √ = OK
Edited on 08/21/13

Texas DPS Lab    Garland

OPSLOG    060155979

DNA extracts envelope  NM 2|16|15



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**DNA Extraction Worksheet**
LAB-DNA-07 Rev.06 (02/2014) p.1 Issued by: QAC

Lab Case # _____

Analyst _____ NM   NM

Date/Time _____ 1/28/15 4:30 PM

| Qiagen | ☑148043628 | | | | | | | | |
| Organic ☐ | | Temp. ___56/70___ (°C) | | | | | Automated Extraction ☑ | | |
| Chelex ☐ | | | | | | | Instrument # ___129 | | |
| Prepfiler ☐ | | **Unknowns** | | | | | *Additional clean-up steps must be noted* | | |

| # | Case # / Unique Identifier. | µL orig. vol.* | Cells/Field ≥400X (S) epi*/sp | ng/µL Human | ng/µL Male | Volume Amplified (µL) | | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Identifiler Plus | Yfiler | Minifiler | |
| | 01-A1-GIG-GAR-1401-00735-04-01-AB-diaper | 50 | | 0.0694 | | 10 | | | |
| | 02-B1-GIG-GAR-1401-00735-04-01-AA-tabs | 50 | | 0.0621 | | 10 | | | |
| | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo | 50 | | 0.249 | | 10 of 1:2.5 10 ul ᵐ 2/5/15 | | | |
| | 04-D1-KLF-GAR-1402-01517-02-05-AC-dildo | 50 | | 0.0165 | | 10 | | | |
| | 05-E1-FRS-GAR-1411-12607-01-01-tire | 50 | | 2.71 | | 10 of 1:20 10, 7 ᵐ 2/5/15 | | | |
| | 06-F1-FRS-GAR-1411-12607-01-02-door | 50 | | 0.205 | | 10 of 1:2.5 10 | | | |
| | 07-G1-FRS-GAR-1411-12607-01-03-driverdoor | 50 | | 0.0826 | | 10 | | | |
| | 08-H1-FRS-GAR-1411-13101-01-01-AA-01-pack | 50 | | Negative | | 10 | | | |
| | 09-A2-FRS-GAR-1411-13101-01-01-AB-01-bag | 50 | | Negative | | 10 | | | |
| | 10-B2-SLS-GAR-1501-00209-01-03-AA-tape | 50 | | 0.0102 | | 10 | | | |
| | 11-C2-SLS-GAR-1501-00209-01-04-AA-tape | 50 | | Negative | | 10 | | | |
| | 12-D2-SLS-GAR-1501-00209-01-05-AA-tape | 50 | | Negative | | 10 | | | |
| | 13-RB1-unkowns-012815 | 50 | | 0.0073 | | 10 | | | |
| | 14-RB2-unknowns-012815 | 50 | | Negative | | 10 | | | |

*=Optional   Note: Date listed refers to date of extraction. Refer to other worksheets for quantitation/amplification dates.



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**DNA Extraction Worksheet**
LAB-DNA-07 Rev.06 (02/2014) p.1 Issued by: QAC

Lab Case # _____

Analyst _____ NM  NM

Date/Time ___ 2/4/15 4:30 PM

| Qiagen | ☑148043628 |
|---|---|
| Organic | ☐ |
| Chelex | ☐ |
| Prepfiler | ☐ |

Temp. __56/70__ (°C)

Unknowns(2)

Automated Extraction ☑
Instrument # ___ 129
*Additional clean-up steps must be noted*

| # | Case # / Unique Identifier | µL orig. vol.* | Cells/Field ≥400X (S) epi*/sp | ng/µL Human | ng/uL Male | Volume Amplified (µL) | | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Identifiler Plus | Yfiler | Minifiler | |
| | 15-E2-GIG-GAR-1412-14089-13-01-cig | 50 | | 1.24 | | 10 of 1:10 | | | |
| | 16-F2-CLW-GAR-1501-00278-01-02-VS | 50 | | 0.138 | | 10 | | | |
| | 17-G2-CLW-GAR-1501-00278-01-03-AS | 50 | | Negative | | 10 | | | |
| | 18-H2-KPC-GAR-1407-07579-02-03-AB-minora | 50 | | 17.34 | | 10 of 1:149 | | | |
| | 19-A3-KPC-GAR-1407-07579-02-07-AA-panties | 50 | | 1.71 | / | 10 of 1:13.3 | | | |
| | 20-B3-NM-GAR-1501-00686-01-02-cig | 50 | | Negative | | 10 | | | |
| | 21-C3-NM-GAR-1501-00686-01-04-seat | 50 | | 0.482 | | 10 of 1:4.3 5,10 | nm 3/19/5 | | |
| | 22-D3-NM-GAR-1501-00686-01-06-console | 50 | | 0.0927 | | 10 | | | |
| | 23-E3-NM-GAR-1501-00209-06-08-van | 50 | | Negative | | 10 | | | |
| | 24-RB3-unknowns-020415 | 50 | | Negative | | 10 | | | |
| | 25-RB4-unknowns-020415 | 50 | | Negative | | 10 | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*=Optional   Note: Date listed refers to date of extraction. Refer to other worksheets for quantitation/amplification dates.



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

## DNA Extraction Worksheet
LAB-DNA-07 Rev.06 (02/2014) p.1 Issued by: QAC

Lab Case # _____

Analyst _____ NM  NM

Date/Time ____ 2/1/15 10:30 AM

Qiagen ☐
Organic ☐
Chelex ☐
Prepfiler ☐  ☑ D20115nm

Temp. ____ 56 ____ (°C)

**Knowns**

Automated Extraction ☐
Instrument # _____
*Additional clean-up steps must be noted*

| # | Case # / Unique Identifier | µL orig. vol.* | Cells/Field ≥400X (S) epi*/sp | ng/µL Human | ng/uL Male | Volume Amplified (µL) | | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Identifiler Plus | Yfiler | Minifiler | |
| | 26-A8-GIG-GAR-1401-00735-05-01-vic-JS | 200 | | 1.29 | | 10 of 1:10 | | | |
| | 27-B8-CMC-GAR-1305-07140-06-01-sus-CD | 200 | | 0.443 | | 10 of 1:4.3 | | | |
| | 28-C8-KLF-GAR-1402-01517-01-01-vic-AMC | 200 | | 0.694 | | 10 of 1:5.7 | | | |
| | 29-D8-KLF-GAR-1402-01517-02-02-sus-DF | 200 | | 2.26 | | 10 of 1:20 | | | |
| | 30-E8-KLF-GAR-1402-01517-02-03-elim-AG | 200 | | 1.25 | | 10 of 1:10 | | | |
| | 31-F8-gr-GAR-1306-07495-05-01-sus-SY | 200 | | 3.41 | | 10 of 1:26 | | | |
| | 32-G8-FRS-GAR-1411-12607-03-01-sus-EEG | 200 | | 2.29 | | 10 of 1:19.9 | | | |
| | 33-H8-CN-GAR-1303-03075-04-01-susCM | 200 | | 1.56 | | 10 of 1:13.3 | | | |
| | 34-A9-FRS-GAR-1411-13101-02-01-sus-OCG | 200 | | 9.48 | | 10 of 1:86 | | | |
| | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH | 200 | | 4.48 | | 10 of 1:36, 10 of 1:10 | | | |
| | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD | 200 | | 5.24 | | 10 of 1:50 | | | |
| | 37-RB5-knowns-020115 | 200 | | Negative | | 10 | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*=Optional  Note: Date listed refers to date of extraction. Refer to other worksheets for quantitation/amplification dates.



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

Lab Case # _____

Analyst _____ NM _NM_

## DNA Extraction Worksheet
LAB-DNA-07 Rev.06 (02/2014) p.1 issued by: QAC

Date/Time ___2/2/15 12:00 PM___

Qiagen ☑148043628
Organic ☐
Chelex ☐
Prepfiler ☐

Temp. ___56/70___ (°C)

Knowns(2)

Automated Extraction ☑
Instrument # ___129___
*Additional clean-up steps must be noted*

| # | Case # / Unique Identifier | µL orig. vol.* | Cells/Field ≥400X (S) epi*/sp | ng/µL Human | ng/µL Male | Volume Amplified (µL) Identifiler Plus | Yfiler | Minifiler | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | 38-D9-CLW-GAR-1501-00278-01-01-vic-DC | 50 | | 2.23 | | 10 of 1:19.9 | | | |
| | 39-E9-CLW-GAR-1501-00278-02-01-sus-PD | 50 | | 15.75 | | 10 of 1:150 | | | |
| | 40-F9-FRS-GAR-1407-08225-05-01-sus-TW | 50 | | 5.36 | | 10 of 1:50 | | | |
| | 41-G9-FRS-GAR-1407-08749-06-01-sus-GD | 50 | | 6.09 | | 10 of 1:50 | | | |
| | 42-H9-NM-GAR-1501-00686-13-19-AA-vic-AM | 50 | | 1.77 | | 10 of 1:13.3 | | | |
| | 43-A10-NM-GAR-1501-00686-13-20-AA-elim-TS | 50 | | 4.32 | | 10 of 1:36 | | | |
| | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM | 50 | | 5.52 | | 10 of 1:50 10 of 1:0 5+10 of 1:5 | | | |
| | 45-C10-NM-GAR-1501-00686-13-21-elim-DS | 50 | | 9.65 | | 10 of 1:86 | | | |
| | 46-D10-NM-GAR-1501-00686-13-22-elim-RM | 50 | | 25.06 | | 10 of 1:200 | | | |
| | 47-E10-NM-GAR-1501-00686-13-23-elim-JW | 50 | | 11.36 | | 10 of 1:86 | | | |
| | 48-F10-NM-GAR-1501-00686-20-02-AA-elim-GC | 50 | | 7.89 | | 10 of 1:64 | | | |
| | 49-G10-NM-GAR-1304-05088-04-01-sus-EW | 50 | | 11.56 | | 10 of 1:86 | | | |
| | 50-H10-KPC-GAR-1407-07579-02-01-vic-JP | 50 | | 0.309 | | 10 of 1:2.5 | | | |
| | 51-RB6-knowns-020215 | 50 | | Negative | | 10 | | | |

*=Optional   Note: Date listed refers to date of extraction. Refer to other worksheets for quantitation/amplification dates.

volumes added 2/18/15 NM



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

Lab Case # _____

## Lot Number Record
GAR-FRM-DNA

Initials NM    NM

Range of Dates 1/29/15-2/5/15

| Reagent | Lot # | Expiration Date | Reagent | Lot # | Expiration Date |
|---|---|---|---|---|---|
| EZ1 DNA Investigator Kit | 148043628 | 7-12-15 | TE Buffer for Quant (Quantifiler only) | 1-7-15KL | 1-7-16 |
| Qiagen G2 Buffer | 148031578 | 7-12-15 | TE Buffer for Amplification | 1-7-15KL | 1-7-16 |
| Sterile diH₂O for G2 dilution | 1-28-15 SMD | 1-28-16 | Qiagen cleanup: | | |
| Qiagen Proteinase K | 148031832 | 7-12-15 | QIAamp DNA Kit | | |
| Qiagen ATL Buffer | 148017636 | 7-12-15 | TE buffer | | |
| DTT 1M | 092514cn | 9-25-15 | Ethanol ____ | | |
| Qiagen MTL Buffer | 145052615 | 7-12-15 | Microcon concentration: | | |
| Carrier RNA | 148039487 | 7-12-15 | TE buffer | | |
| QIAamp DNA Kit | | | | | |
| TE buffer | | | | | |
| Sterile diH₂0 | | | | | |
| Digest Buffer | | | | | |
| Proteinase K (10mg/mL) (differentials only) | | | | | |
| DTT 1M | | | | | |
| Ethanol ____ | | | | | |
| PrepFiler Kit | | | | | |
| Isopropanol ____ | | | | | |
| Wash Buffer A | | | | | |
| Wash Buffer B | | | | | |
| TE Buffer (if used in place of elution buffer) | | | | | |



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

Lab Case # _____

## Quantitation Load Sheet
Lab-DNA-13 Rev.04 (10/2012) p.1 issued by: QAC

Analyst _____ NM   NM

Date _____ 2/9/15

☑ Quantifiler
☐ Quantifiler Duo

Kit Lot # _____ 1405188
Kit Expiration Date _____ 6/11/15
7500# _____ 67

Automated Setup ☑
139

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | STD1 1 | STD2 1 | 01-A1-GIG-GAR-1401-00735-04-01-AB-diaper | 09-A2-FRS-GAR-1411-13101-01-01-AB-01-bag | 17-G2-CLW-GAR-1501-00278-01-03-AS | 25-RB4-unknowns-020415 | 33-H8-CN-GAR-1303-03075-04-01-susCM | 41-G9-FRS-GAR-1407-08749-08-01-sus-GD | 49-G10-NM-GAR-1304-05088-04-01-sus-EW | | | |
| B | STD1 2 | STD2 2 | 02-B1-GIG-GAR-1401-00735-04-01-AA-tabs | 10-B2-SLS-GAR-1501-00209-01-03-AA-tape | 18-H2-KPC-GAR-1407-07579-02-03-AB-01-minora | 26-A8-GIG-GAR-1401-00735-05-01-vic-JS | 34-A9-FRS-GAR-1411-13101-02-01-sus-OCG | 42-H9-NM-GAR-1501-00686-13-19-AA-vic-AM | 50-H10-KPC-GAR-1407-07579-02-01-vicJP | | | |
| C | STD1 3 | STD2 3 | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo | 11-C2-SLS-GAR-1501-00209-01-04-AA-tape | 19-A3-KPC-GAR-1407-07579-02-07-AA-panties | 27-B8-CMC-GAR-1305-07140-08-01-sus-CD | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH | 43-A10-NM-GAR-1501-00686-13-20-AA-elim-TS | 51-RB8-knowns-020215 | | | |
| D | STD1 4 | STD2 4 | 04-D1-KLF-GAR-1402-01517-02-05-AC-dildo | 12-D2-SLS-GAR-1501-00209-01-05-AA-tape | 20-B3-NM-GAR-1501-00686-01-02-clg | 28-C8-KLF-GAR-1402-01517-01-01-vic-AMC | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM | blank | | | |
| E | STD1 5 | STD2 5 | 05-E1-FRS-GAR-1411-12607-01-01-tire | 13-RB1-unknowns-012815 | 21-C3-NM-GAR-1501-00686-01-04-seat | 29-D8-KLF-GAR-1402-01517-02-02-sus-DF | 37-RB5-knowns-020115 | 45-C10-NM-GAR-1501-00686-13-21-elim-DS | | | | |
| F | STD1 6 | STD2 6 | 06-F1-FRS-GAR-1411-12607-01-02-door | 14-RB2-unknowns-012815 | 22-D3-NM-GAR-1501-00686-01-08-console | 30-E8-KLF-GAR-1402-01517-02-03-elim-AG | 38-D9-CLW-GAR-1501-00278-01-01-vic-DC | 46-D10-NM-GAR-1501-00686-13-22-elim-RM | | | | |
| G | STD1 7 | STD2 7 | 07-G1-FRS-GAR-1411-12607-01-03-driverdoor | 15-E2-GIG-GAR-1412-14089-01-01-clg | 23-E3-NM-GAR-1501-00209-06-08-van | 31-F8-gr-GAR-1306-07495-05-01-sus-SY | 39-E9-CLW-GAR-1501-00278-02-01-sus-PD | 47-E10-NM-GAR-1501-00686-13-23-elim-JW | | | | |
| H | STD1 8 | STD2 8 | 08-H1-FRS-GAR-1411-13101-01-01-AA-01-pack | 16-F2-CLW-GAR-1501-00278-01-02-VS | 24-RB3-unknowns-020415 | 32-G8-FRS-GAR-1411-12607-03-01-sus-EEG | 40-F9-FRS-GAR-1407-08225-05-01-sus-TW | 48-F10-NM-GAR-1501-00686-20-02-AA-elim-GC | | | | |

KEY:

Case Number
Unique Identifier

Notes:

☆ = True negative

Lot #: 1405189   exp: 6/11/15   7500 #.67   Tube order verified by: [signature]

02-09-15mm (Absolute Quantification)

NM   Reviewed the 2-10-15   2-9-15



Detector: Quantifiler Human, Slope: -3.599725, Intercept: 29.941435, R2: 0.985825
Document: 02-09-15nm (Absolute Quantification)



**TEXAS DEPARTMENT OF PUBLIC SAFETY**
**CRIME LABORATORY**

## Amplification Worksheet
Lab-CNA-08 Rev.08 (08/2014) p.1 issued by: QAC

Lab Case # _____

Analyst _____ NM  NM

Date _____ 2/9/15

☑ Identifiler Plus  
☐ Minifiler  
☐ Yfiler  ☐ Y23

Kit Lot # 1409087  
Kit Expiration Date 3/29/16  
Thermal Cycler # 46

Automated Setup ☑

139

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 01-A1-GIG-GAR-1401-00735-04-01-AB-diaper 10 | 09-A2-FRS-GAR-1411-13101-01-01-AB-01-bag 10 | 14-RB2-unknowns-012815 10 | 22-D3-NM-GAR-1501-00686-01-08-console 10 | 25-D8-KLF-GAR-1402-01517-02-02-sus-DF 10 of 1:20 | 37-RB5-knowns-02011S 10 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM 10 of 1:50 | | | | | |
| B | 02-B1-GIG-GAR-1401-00735-04-01-AA-tabs 10 | 10-B2-SLS-GAR-1501-00209-01-03-AA-tape 10 | 15-E2-GIG-GAR-1412-14089-13-01-cig 10 of 1:10 | 23-E3-NM-GAR-1501-00209-06-08-van 10 | 30-E8-KLF-GAR-1402-01517-02-03-elim-AG 10 of 1:10 | 38-D9-CLW-GAR-1501-00278-01-01-vic-DC 10 of 1:19.9 | 45-C10-NM-GAR-1501-00686-13-21-elim-DS 10 of 1:86 | | | | | |
| C | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo 10 of 1:2.5 | 11-C2-SLS-GAR-1501-00209-01-04-AA-tape 10 | 16-F2-CLW-GAR-1501-00278-01-02-VS 10 | 24-RB3-unknowns-020415 10 | 31-F8-gr-GAR-1305-07495-05-01-sus-SY 10 of 1:26 | 39-E9-CLW-GAR-1501-00278-02-01-sus-PD 10 of 1:150 | 46-D10-NM-GAR-1501-00686-13-22-elim-RM 10 of 1:200 | | | | | |
| D | 04-D1-KLF-GAR-1402-01517-02-05-AC-dildo 10 | 12-D2-SLS-GAR-1501-00209-01-05-AA-tape 10 | 17-G2-CLW-GAR-1501-00278-01-03-AS 10 | 25-RB4-unknowns-020415 10 | 32-G8-FRS-GAR-1411-12607-03-01-sus-EEG 10 of 1:19.9 | 40-F9-FRS-GAR-1407-08225-05-01-sus-TW 10 of 1:50 | 47-E10-NM-GAR-1501-00686-13-23-elim-JW 10 of 1:86 | | | | | |
| E | 05-E1-FRS-GAR-1411-12607-01-01-tiro 10 of 1:20 | 13-RB1-unkowns-012815 10 | 18-H2-KPC-GAR-1407-07579-02-03-AB-minora 10 of 1:149 | 26-A9-GIG-GAR-1401-00735-05-01-vic-JS 10 of 1:10 | 33-H8-CN-GAR-1303-03075-04-01-susCM 10 of 1:13.3 | 41-G9-FRS-GAR-1407-08749-06-01-sus-GD 10 of 1:50 | 48-F10-NM-GAR-1501-00686-20-02-AA-elim-GC 10 of 1:64 | | | | | |
| F | 06-F1-FRS-GAR-1411-12607-01-02-door 10 of 1:2.5 | Positive Control | 19-A3-KPC-GAR-1407-07579-02-07-AA-panties 10 of 1:13.3 | 27-B8-CMC-GAR-1305-07140-06-01-sus-CD 10 of 1:4.3 | 34-A9-FRS-GAR-1411-13101-02-01-sus-OCG 10 of 1:86 | 42-H9-NM-GAR-1501-00686-13-19-AA-vic-AM 10 of 1:13.3 | 49-G10-NM-GAR-1304-0508B-04-01-sus-EW 10 of 1:86 | | | | | |
| G | 07-G1-FRS-GAR-1411-12607-01-03-driverdoor 10 | Negative Control | 20-B3-NM-GAR-1501-00686-01-02-cig 10 | 28-C8-KLF-GAR-1402-01517-01-01-vic-AMC 10 of 1:5.7 | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH 10 of 1:36 | 43-A10-NM-GAR-1501-00686-13-20-AA-elim-TS 10 of 1:36 | 50-H10-KPC-GAR-1407-07579-02-01-vicJP 10 of 1:2.5 | | | | | |
| H | 08-H1-FRS-GAR-1411-13101-01-01-AA-01-pack 10 | | 21-C3-NM-GAR-1501-00686-01-04-seat 10 of 1:4.3 | | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD 10 of 1:50 | | 51-RB6-knowns-020215 10 | | | | | |

**KEY:** Case Number / Unique Identifier / *ui Sample (Optional) / *ng Sample (Optional)

Notes: Tubes remained on Tecan between Quant and amp - NM 2/10/15



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**Amplification Worksheet**
LAB-DNA-08 Rev.05 (10/2012) p.1 Issued by: CAC

Lab Case # _____

Analyst NM    Nm

Date 2/11/15

☒ Identifiler Plus
☐ MiniFiler
☐ Yfiler

Kit Lot # 1409087
Kit Expiration Date 3/29/16
Thermal Cycler # 134

Automated Setup ☐

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo<br><br>10 ul | | | | | | | | | | | |
| B | 05-E1-FRS-GAR-1411-12607-01-01-tire<br><br>10 ul | | | | | | | | | | | |
| C | 06-F1-FRS-GAR-1411-12607-01-02-door<br><br>10 ul | | | | | | | | | | | |
| D | 21-C3-NM-GAR-1501-00686-01-04-seat<br><br>10 ul | | | | | | | | | | | |
| E | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH<br><br>10 of 1:10 | | | | | | | | | | | |
| F | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM<br><br>10 of 1:10 | | | | | | | | | | | |
| G | Positive-control | | | | | | | | | | | |
| H | Negative-control | | | | | | | | | | | |

Notes:

KEY:
Case Number
Unique Identifier
* µL Sample (optional)
* ng Sample (optional)

❖



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

## Amplification Worksheet
LAB-DNA-08 Rev.05 (10/2012) p.1 Issued by: OAC

Lab Case # _____

Analyst NM    NYM

Date 2/12/15

☒ Identifiler Plus
☐ MiniFiler
☐ Yfiler

Kit Lot # 1409087
Kit Expiration Date 3/29/16
Thermal Cycler # 134

Automated Setup ☐

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 05-E1-FRS-GAR-1411-12607-01-01-tire<br><br>7 ul | | | | | | | | | | | |
| B | 21-C3-NM-GAR-1501-00686-01-04-seat<br><br>5 ul | | | | | | | | | | | |
| C | Positive-control | | | | | | | | | | | |
| D | Negative-control | | | | | | | | | | | |
| E | | | | | | | | | | | | |
| F | | | | | | | | | | | | |
| G | | | | | | | | | | | | |
| H | | | | | | | | | | | | |

Notes:

KEY:
Case Number
Unique Identifier
* µL Sample (optional)
* ng Sample (optional)

**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-15-5nm-Rush5-a
NM

| # | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 46 | 22-D3-NM-GAR-1501-00586-01-08-console_2015-02-10_A06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 47 | 22-D3-NM-GAR-1501-00586-01-08-console_2015-02-10_A06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 48 | 23-E3-NM-GAR-1501-00209-06-08-van_2015-02-10_B06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 49 | 23-E3-NM-GAR-1501-00209-06-08-van_2015-02-10_B06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 50 | 24-RB3-unknowns-020415_2015-02-10_C06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | see 10s |
| 51 | 24-RB3-unknowns-020415_2015-02-10_C06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | nm 2/18/19 |
| 52 | 25-RB4-unknowns-020415_2015-02-10_D06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | see 10s |
| 53 | 25-RB4-unknowns-020415_2015-02-10_D06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 54 | 26-AB-GIG-GAR-1401-00735-05-01-v/e-JS_2015-02-10_E06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 55 | 26-AB-GIG-GAR-1401-00735-05-01-v/e-JS_2015-02-10_E06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 56 | 27-BB-CMC-GAR-1305-00740-06-01-sus-CD_2015-02-10_F06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 57 | 27-BB-CMC-GAR-1305-00740-06-01-sus-CD_2015-02-10_F06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 58 | 28-C8-KLF-GAR-1402-01517-01-01-v/e-AMC_2015-02-10_G06.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 59 | 28-C8-KLF-GAR-1402-01517-01-01-v/e-AMC_2015-02-10_G06@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 60 | Ladder_2015-02-10_H06.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |
| 61 | 29-D8-KLF-GAR-1402-01517-02-02-sus-DF_2015-02-10_A09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 62 | 29-D8-KLF-GAR-1402-01517-02-02-sus-DF_2015-02-10_A09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 63 | 30-E8-KLF-GAR-1402-01517-02-03-elim-AG_2015-02-10_B09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 64 | 30-E8-KLF-GAR-1402-01517-02-03-elim-AG_2015-02-10_B09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 65 | 31-F8-p!-GAR-1306-07495-05-01-sus-SY_2015-02-10_C09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 66 | 31-F8-p!-GAR-1306-07495-05-01-sus-SY_2015-02-10_C09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 67 | 32-G8-FRS-GAR-1411-12607-03-01-sus-EEG_2015-02-10_D09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 68 | 32-G8-FRS-GAR-1411-12607-03-01-sus-EEG_2015-02-10_D09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 69 | 33-H8-CN-GAR-1303-03075-04-01-susCM_2015-02-10_E09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 70 | 33-H8-CN-GAR-1303-03075-04-01-susCM_2015-02-10_E09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 71 | 34-A9-FRS-GAR-1411-13101-02-01-sus-OCG_2015-02-10_F09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 72 | 34-A9-FRS-GAR-1411-13101-02-01-sus-OCG_2015-02-10_F09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 73 | 35-B9-SLS-GAR-1501-00209-01-02-AA-v/c-BH_2015-02-10_G09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 74 | 35-B9-SLS-GAR-1501-00209-01-02-AA-v/c-BH_2015-02-10_G09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 75 | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD_2015-02-10_H09.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |
| 76 | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD_2015-02-10_H09@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OMR |
| 77 | 37-RB5-knowns-020115_2015-02-10_A10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 see ID s. | OMR, 21 @ 6:55 um 2/18/19 |
| 78 | 37-RB5-knowns-020115_2015-02-10_A10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 79 | 38-D9-CLW-GAR-1501-00278-01-01-v/c-DC_2015-02-10_B10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 80 | 38-D9-CLW-GAR-1501-00278-01-01-v/c-DC_2015-02-10_B10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | bad injection, see 10s P! @ 6:55 2/18/19 |
| 81 | 39-E9-CLW-GAR-1501-00278-02-01-sus-PD_2015-02-10_C10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 82 | 39-E9-CLW-GAR-1501-00278-02-01-sus-PD_2015-02-10_C10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 83 | 40-F9-FRS-GAR-1407-08225-05-01-sus-TW_2015-02-10_D10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 84 | 40-F9-FRS-GAR-1407-08225-05-01-sus-TW_2015-02-10_D10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 85 | 41-G9-FRS-GAR-1407-08749-06-01-sus-GD_2015-02-10_E10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 86 | 41-G9-FRS-GAR-1407-08749-06-01-sus-GD_2015-02-10_E10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 87 | 42-H9-NM-GAR-1501-00686-13-19-AA-v/c-AM_2015-02-10_F10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 88 | 42-H9-NM-GAR-1501-00686-13-19-AA-v/c-AM_2015-02-10_F10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 89 | 43-A10-NM-GAR-1501-00686-13-20-AA-elim-TS_2015-02-10_G10.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 90 | 43-A10-NM-GAR-1501-00686-13-20-AA-elim-TS_2015-02-10_G10@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |

Wed Feb 11,2015 09:15AM, CST

Printed by: analyst

**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-10-15nm-Rush5-a
NY^

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 91 | Ladder_2015-02-10_H10.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

Ranped, reanalyzed, reviewed

tk-2-18.15







**Applied Biosystems**
GeneMapper® ID-X  1.4

Project: 02-10-15nm-Rush5-a

| # | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | 01-A1-GIG-GAR-1401-00735-04-01-AB-diaper_2015-02-10_A01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 2 | 01-A1-GIG-GAR-1401-00735-04-01-AB-diaper_2015-02-10_A01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 3 | 02-B1-GIG-GAR-1401-00735-04-01-AA-tabs_2015-02-10_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 4 | 02-B1-GIG-GAR-1401-00735-04-01-AA-tabs_2015-02-10_B01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 5 | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo_2015-02-10_C01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 6 | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo_2015-02-10_C01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 7 | 04-D1-KLF-GAR-1402-01517-02-05-AC-dildo_2015-02-10_D01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |
| 8 | 04-D1-KLF-GAR-1402-01517-02-05-AC-dildo_2015-02-10_D01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 9 | 05-E1-FRS-GAR-1411-12607-01-01-tire_2015-02-10_E01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | (no?)-ala-nm-alpqs-tail-injection, see 10s |
| 10 | 05-E1-FRS-GAR-1411-12607-01-01-tire_2015-02-10_E01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |
| 11 | 06-F1-FRS-GAR-1411-12607-01-02-door_2015-02-10_F01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 12 | 06-F1-FRS-GAR-1411-12607-01-02-door_2015-02-10_F01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |
| 13 | 07-G1-FRS-GAR-1411-12607-01-03-driverdoor_2015-02-10_G01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 14 | 07-G1-FRS-GAR-1411-12607-01-03-driverdoor_2015-02-10_G01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 15 | 08-H1-FRS-GAR-1411-13101-01-01-AA-01-pack_2015-02-10_H01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 16 | 08-H1-FRS-GAR-1411-13101-01-01-AA-01-pack_2015-02-10_H01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 17 | 09-A2-FRS-GAR-1411-13101-01-01-AB-01-bag_2015-02-10_A02.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 18 | 09-A2-FRS-GAR-1411-13101-01-01-AB-01-bag_2015-02-10_A02@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 19 | 10-B2-SLS-GAR-1501-00209-01-03-AA-tape_2015-02-10_B02.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 20 | 10-B2-SLS-GAR-1501-00209-01-03-AA-tape_2015-02-10_B02@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 21 | 11-C2-SLS-GAR-1501-00209-01-04-AA-tape_2015-02-10_C02.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 22 | 11-C2-SLS-GAR-1501-00209-01-04-AA-tape_2015-02-10_C02@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 23 | 12-D2-SLS-GAR-1501-00209-01-05-AA-tape_2015-02-10_D02.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 24 | 12-D2-SLS-GAR-1501-00209-01-05-AA-tape_2015-02-10_D02@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 25 | 13-RB1-unkowns-012815_2015-02-10_E02.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | see 10s |
| 26 | 13-RB1-unkowns-012815_2015-02-10_E02@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 27 | Positive_Control_2015-02-10_F02.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | |
| 28 | Negative_Control_2015-02-10_G02.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 29 | Ladder_2015-02-10_H02.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |
| 30 | 14-RB2-unkrowns-012815_2015-02-10_A05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | see 105 |
| 31 | 14-RB2-unkrowns-012815_2015-02-10_A05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 32 | 15-E2-GIG-GAR-1412-14089-13-01-cig_2015-02-10_B05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 33 | 15-E2-GIG-GAR-1412-14089-13-01-cig_2015-02-10_B05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 34 | 16-F2-CLW-GAR-1501-00278-01-02-VS_2015-02-10_C05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 35 | 16-F2-CLW-GAR-1501-00278-01-02-VS_2015-02-10_C05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 36 | 17-G2-CLW-GAR-1501-00278-01-03-AS_2015-02-10_D05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 37 | 17-G2-CLW-GAR-1501-00278-01-03-AS_2015-02-10_D05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 38 | 18-H2-KPC-GAR-1407-07579-02-03-AB-minora_2015-02-10_E05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 39 | 18-H2-KPC-GAR-1407-07579-02-03-AB-minora_2015-02-10_E05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 40 | 19-A3-KPC-GAR-1407-07579-02-07-AA-panties_2015-02-10_F05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 41 | 19-A3-KPC-GAR-1407-07579-02-07-AA-panties_2015-02-10_F05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 42 | 20-B3-NM-GAR-1501-00686-01-02-cig_2015-02-10_G05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 43 | 20-B3-NM-GAR-1501-00686-01-02-cig_2015-02-10_G05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | bal injection, see 10s |
| 44 | 21-C3-NM-GAR-1501-00686-01-04-seat_2015-02-10_H05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, see 10s |
| 45 | 21-C3-NM-GAR-1501-00686-01-04-seat_2015-02-10_H05@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |



TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIME LABORATORY

**Amplification Worksheet**
LAB-DNA-08 Rev.05 (10/2012) p.1 Issued by: QAC

Lab Case # _____

Analyst NM  NM

Date 2/15/15

☒ Identifier Plus
☐ MiniFiler
☐ Yfiler

Kit Lot # 1409087
Kit Expiration Date 3/29/16
Thermal Cycler # 134

Automated Setup ☐

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM<br><br>5 of 1:25 | | | | | | | | | | | |
| B | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM<br><br>10 of 1:25 | | | | | | | | | | | |
| C | Positive_control | | | | | | | | | | | |
| D | Negative_control | | | | | | | | | | | |
| E | | | | | | | | | | | | |
| F | | | | | | | | | | | | |
| G | | | | | | | | | | | | |
| H | | | | | | | | | | | | |

Notes:

KEY:
Case Number
Unique Identifier
* μL Sample (optional)
* ng Sample (optional)









**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-10-15nm-Rush5-b
NM

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM_2015-02-11_A01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 2 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM_2015-02-11_A01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | no profile, see 10s |
| 3 | 45-C10-NM-GAR-1501-00686-13-21-elim-DS_2015-02-11_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<T, RA |
| 4 | 45-C10-NM-GAR-1501-00686-13-21-elim-DS_2015-02-11_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 5 | 46-D10-NM-GAR-1501-00686-13-22-elim-RM_2015-02-11_C01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 6 | 46-D10-NM-GAR-1501-00686-13-22-elim-RM_2015-02-11_C01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 7 | 47-E10-NM-GAR-1501-00686-13-23-elim-JW_2015-02-11_D01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 8 | 47-E10-NM-GAR-1501-00686-13-23-elim-JW_2015-02-11_D01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 9 | 48-F10-NM-GAR-1501-00686-20-02-AA-elim-GC_2015-02-11_E01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 10 | 48-F10-NM-GAR-1501-00686-20-02-AA-elim-GC_2015-02-11_E01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 11 | 49-G10-NM-GAR-1304-05088-04-01-sus-EW_2015-02-11_F01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 12 | 49-G10-NM-GAR-1304-05088-04-01-sus-EW_2015-02-11_F01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 13 | 50-H10-KPC-GAR-1407-07679-02-01-vicJP_2015-02-11_G01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 14 | 50-H10-KPC-GAR-1407-07679-02-01-vicJP_2015-02-11_G01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 15 | 51-RB6-knowns-020215_2015-02-11_H01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 16 | 51-RB6-knowns-020215_2015-02-11_H01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed |
| 17 | Positive_control-2_2015-02-11_F02.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | see 10 s. |
| 18 | Positive_control_2015-02-11_F02.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | |
| 19 | Negative_control-2_2015-02-11_G02.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 20 | Negative_control_2015-02-11_G02.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 21 | Ladder_2015-02-11_H02(2).fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |
| 22 | Ladder_2015-02-11_H02.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

Retyped, Reanalyzed, Reviewed
DL 2.18.15







**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-11-15nm Rush5
NYY

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | Positive Control 2015-02-11 F02.fsa | Positive Control | IDPlus v1X | 3130-82-21265-025 | |
| 2 | Negative Control 2015-02-11 G02.fsa | Negative Control | IDPlus v1X | 3130-82-21265-025 | |
| 3 | Ladder 2015-02-11 H02.fsa | Allelic Ladder | IDPlus v1X | 3130-82-21265-025 | |
| 4 | 36-C9-SLS-GAR-1501-00209-03-01-sus-LD 2015-02-11 H09.fsa | Sample | IDPlus v1X | 3130-82-21265-025 | |
| 5 | 38-D9-CLW-GAR-1501-00278-01-01-vic-DC 2015-02-11 B10.fsa | Sample | IDPlus v1X | 3130-82-21265-025 | OMR confirmed |
| 6 | Ladder 2015-02-11 H10.fsa | Allelic Ladder | IDPlus v1X | 3130-82-21265-025 | |

Retyped, Reanaly zed, Reviewed

DK 2·18·15

Note:
These samples under raw
data in folder 02-11-15nm _ 1
MM 2/18/15





**Applied BioSystems**
GeneMapper® ID-X 1.4

Project: 02-11-15nm Rush5 NM

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | 03-C1-KLF-GAR-1402-01517-02-05-AB-dildo_2015-02-11_A01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<1, see 10s |
| 2 | 03-C1-KLF-GAR-1402-01517-02-05-AB-dilo_2015-02-11_A01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 3 | 05-E1-FRS-GAR-1411-12607-01-01-dire_2015-02-11_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | bad injection, RI @6s |
| 4 | 05-E1-FRS-GAR-1411-12607-01-01-dire_2015-02-11_B01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS |
| 5 | 05-F1-FRS-GAR-1411-12607-01-02-door_2015-02-11_C01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<1, see 10s |
| 6 | 05-F1-FRS-GAR-1411-12607-01-02-door_2015-02-11_C01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 7 | 21-C3-NM-GAR-1501-00686-01-04-seat_2015-02-11_D01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | P<1, RI @8s |
| 8 | 21-C3-NM-GAR-1501-00686-01-04-seat_2015-02-11_D01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS |
| 9 | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH_2015-02-11_E01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 10 | 35-B9-SLS-GAR-1501-00209-01-02-AA-vic-BH_2015-02-11_E01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not needed, P<1 |
| 11 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-lM_2015-02-11_F01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS, RI @2s |
| 12 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-lM_2015-02-11_F01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS |
| 13 | Positive_Control_2015-02-11_G01.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | |
| 14 | Negative_Control_2015-02-11_H01.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 15 | ladder_2015-02-11_H02.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

RETYPED, REANALYZED, REVIEWED

TK 2.18.15

Note:
These samples undov raw
data in folder 02-11-15nm_2

NM 2/19/15





**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-11-15nm Rush5

NM

| Sample File | Panel |
|---|---|
| Negative Control 2015-02-11 H01.fsa | Identifiler Plus Panels v1X |

70   140   210   280   350   420
60
0

Negative Control 2015-02-11 H01.fsa   Identifiler Plus Panels v1X

70   140   210   280   350   420
60
0

Negative Control 2015-02-11 H01.fsa   Identifiler Plus Panels v1X

70   140   210   280   350   420
60
0

Negative Control 2015-02-11 H01.fsa   Identifiler Plus Panels v1X

70   140   210   280   350   420
60
0

**Applied Biosystems**
GeneMapper® IDX 1.4

Project: 02-12-15nm Rush5
NM

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2  NM 2|8|15 |
|---|---|---|---|---|---|
| 1 | 05-E1-FRS-GAR-1411-12607-01-01-fire_2015-02-12_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS and-artifact, RA less |
| 2 | 21-C3-NM-GAR-1501-00586-01-04-seal_2015-02-12_D01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS, RA less, 8 sec ig, PK |
| 3 | 44-B10-NM-GAR-1501-00586-13-20-AB-elim-IM_2015-02-12_F01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | artifacts, reset up and RI 2 using |
| 4 | Positive Control_2015-02-12_G01.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | PU |
| 5 | Negative Control_2015-02-12_H01.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 6 | ladder_2015-02-12_H02.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

Reopen, reanalyzed, reviewed

TL 2.18.15

Printed by: analyst: *(signature)*





**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-13-15mm Rust5 RA
NM

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | 05-E1-FRS-GAR-1411-12607-01-01-fire_2015-02-13_A05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 2 | 21-C3-NM-GAR-1501-00606-01-04-seat_2015-02-13_B05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OMR/artifact |
| 3 | positive-control_2015-02-13_C05.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | |
| 4 | negative-control_2015-02-13_D05.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 5 | 44-B10-NM-GAR-1501-00606-13-20-AB-elim-IM_2015-02-13_H05.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | 2 sec inj_pullup, RA_less |
| 6 | ladder_2015-02-13_H06.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

RMPd, peanalyzed, Reviewed

TW 2.18.15





**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-15-15nm
ΝΥΛ

| | Sample File | Sample Type | Analysis Method | Instrument ID | UD2 |
|---|---|---|---|---|---|
| 1 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-5ul_2015-02-15_A01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | |
| 2 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-5ul_2015-02-15_A01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not_needed |
| 3 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-5ul_2015-02-15_A01@2sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not_needed |
| 4 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-10ul_2015-02-15_B01.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not_needed |
| 5 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-10ul_2015-02-15_B01@10sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | not_needed |
| 6 | 44-B10-NM-GAR-1501-00686-13-20-AB-elim-IM-10ul_2015-02-15_B01@2sec.fsa | Sample | IDPlus_v1X | 3130-82-21265-025 | OS_not_needed |
| 7 | positive_control_2015-02-15_C01.fsa | Positive Control | IDPlus_v1X | 3130-82-21265-025 | not_needed |
| 8 | negative_control_2015-02-15_D01.fsa | Negative Control | IDPlus_v1X | 3130-82-21265-025 | |
| 9 | ladder_2015-02-15_H02.fsa | Allelic Ladder | IDPlus_v1X | 3130-82-21265-025 | |

Reviwed, Reanalyzed, Reviwer

ОС 2.18.15

Printed by: analyst ⌐ʒ⌐





**Applied Biosystems**
GeneMapper® ID-X 1.4

Project: 02-15-15nm

NM

**DNA Collection Disposition Worksheet**

Garland DPS Crime Laboratory

Case Number: GAR-1411-12607

Analyst: Nicole Mullins

| Item # | Age # | Item Description | Collection Disposition | DNA Notes |
|--------|-------|------------------|------------------------|-----------|
| 01-01 | 1 | Swab from the left rear tire | Frozen/Retained | |
| 01-02 | 1 | Swab from the left door | Frozen/Retained | |
| 01-03 | 1 | Swatch from the driver's door | Frozen/Retained | |
| 03-01 | 2 | Buccal specimen from suspect | Frozen/Retained | |

Exhibit 'C' Clerk's Record page 1-7.;



GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK

**CLERK'S RECORD**

VOLUME: One OF One

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/4/2015 10:59:51 AM
LISA MATZ
Clerk

TRIAL COURT CAUSE NUMBER: F05-56570-S

IN THE 282ND JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS

HONORABLE ANDY CHATHAM, JUDGE PRESIDING

---

ERNEST EDWARD GAINES, PLAINTIFF (APPELLANT)
vs.

THE STATE OF TEXAS, DEFENDANT (APPELLEE)

---

APPEALED TO THE: 5TH COURT OF APPEAL

---

ATTORNEY NAME: John Tatum

ATTORNEY ADDRESS: 990 S. Sherman St Richardson, Texas 75081

ATTORNEY PHONE: 972-705-9200
ATTORNEY FAX: 972-690-9901

ATTORNEY EMAIL: jtatumlaw@gmail.com

ATTORNEY BAR NO: 19672500

ATTORNEY FOR APPELLANT: ERNEST EDWARD GAINES

---

DELIVERED TO THE 5TH COURT OF APPEAL

ON: November 03, 2015      BY: JAMEKA RAND  DEPUTY DISTRICT CLERK

---

APPELLATE COURT CAUSE NO: 05-15-01144-CR

1

ERNEST EDWARD GAINES

VS.

THE STATE OF TEXAS

CAUSE NO:    F05-56570-S

282ND JUDICIAL DISTRICT COURT

OF DALLAS COUNTY, TEXAS

## INDEX

|  |  |
|---|---|
|  | Vol.1-01 |
| Cover | Vol. 1-02 |
| Index | Vol.1-07 |
| Caption | Vol.1-08 |
| Docket Sheet | Vol.1-12 |
| True Bill of Indictment (28 Sep 2005) | Vol.1-14 |
| State's Response to Defendant's to Defendant's Motion to List Witnesses | Vol.1-15 |
| Plea Agreement | Vol.1-17 |
| Writ | Vol.1-18 |
| Order for Examination Regarding Competency/Mental Illness | Vol.1-19 |
| Order for Examination Regarding Competency/Mental Illness | Vol.1-20 |
| Doctor Evaluation (19 Dec 2005) | Vol.1-25 |
| Defendant's Motion to Produce Exculpatory and Mitigating Evidence (4 Jan 2005) | Vol.1-28 |
| Defendant's Motion to Disclose Facts or data underlying Expert Opinions (4 Jan 2006) | Vol.1-31 |
| Defendant's Request to Disclose the Existence of and Motion to Exclude Extraneous Offenses (4 Jan 2006) | Vol.1-34 |
| Defendant's Motion to Suppress Statement s and Motion in LIMINE (4 Jan 2006) |  |

2

Motion for Identification Hearing and to Exclude Evidence of Illegal Identification (4 Jan 2006) — Vol.1-38

Defendant's Motion Request Notice of State's Intent to use Expert Testimony and Requesting State's Compliance with Article 39.14 (4 Jan 2006) — Vol.1-42

Defendant's Motion for State to List its Witnesses (4 Jan 2006) — Vol.1-45

Defendant's Motion for Complete Record (4 Jan 2006) — Vol.1-48

Defendant's Motion for Discovery (4 Jan 2006) — Vol.1-51

Defendant's Motion for Hearing Pursuant to Batson and its Progeny (4 Jan 2006) — Vol.1-55

Motion for Withdrawal of Counsel (18 Jan 2006) — Vol.1-58

Affidavit of Indigency — Vol.1-61

Defendant Correspondence (24 Jan 2006) — Vol.1-62

Motion to Produce Exculpatory and Mitigating Evidence (2 Feb 2006) — Vol.1-64

Motion for Discovery and Inspection of Evidence (2 Feb 2006) — Vol.1-67

Defendant's Motion to List State's Witnesses (Trial Witnesses) (2 Feb 2006) — Vol.1-74

Motion for the Court to Direct the Court Reporter to Record Proceedings (2 Feb 2006) — Vol.1-77

Motion in LIMINE No.1 (2 Feb 2006) — Vol.1-85

Motion to Quash (2 Feb 2006) — Vol.1-88

Notice of Extraneous Offenses (16 Mar 2006) — Vol.1-91

State's Notice of Intent to use Business Records Accompanied By Affidavit (16 Mar 2006) — Vol.1-92

Defense Counsel Receipt of State's Case Materials (13 Apr 2006) — Vol.1-102

Order for Examination Regarding Competency/Mental Illness (13 Apr 2006) — Vol.1-103

3

Defendant's Election of Punishment In Jury Trial (17 Apr 2006)          Vol.1-104

Trial Court's Certification of Defendant's Right of Appeal (18           Vol.1-105
Apr 2006)

Judgment Certificate of Thumbprint                                      Vol.1-106

Trial Court's Certification of Defendant's Right of Appeal (19           Vol.1-107
Apr 2006)

Notice of Appeal (19 Apr 2006)                                          Vol.1-108

Defendant's Notice of Appeal and Pauper Oath Appointment of             Vol.1-109
Attorney on Appeal (19 Apr 2006)

Notice of Appeal (19 Apr 2006)                                          Vol.1-110

Charge of the Court                                                     Vol.1-111

Peremptory Jury Challenges                                              Vol.1-114

Defendant's Notice of Appeal and Pauper Oath Appointment of             Vol.1-116
Attorney on Appeal (19 Apr 2006)

Criminal Minutes                                                        Vol.1-117

Doctor Evaluation (2 May 2006)                                          Vol.1-120

Miscellaneous Pleading                                                  Vol.1-123

CCA Order                                                               Vol.1-126

Defendant Correspondence (24 Jan 2007)                                  Vol.1-129

Writ of Mandamus                                                        Vol.1-135

Motion for Production of Record                                         Vol.1-147

Appeal-Correspondence                                                   Vol.1-154

Appeal-Correspondence                                                   Vol.1-162

Defendant Correspondence                                                Vol.1-170

Appeal-Correspondence (17 Jan 2008)                                     Vol.1-172

4

Motion Requesting a Copy's of Reporters Record and Clerk's Record — Vol.1-173

Motion Requesting a Copy's of Reporters Record and Clerk's Record — Vol.1-177

Appeal-Correspondence — Vol.1-184

Mandate (22 Feb 2008) — Vol.1-186

Appeal-Correspondence (29 Nov 2006) — Vol.1-187

Defendant Correspondence — Vol.1-189

Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure (29 Oct 2013) — Vol.1-190

Defendant Correspondence (25 Nov 2013) — Vol.1-194

Defendant Correspondence (30 Jul 2014) — Vol.1-196

Motion for Post-Conviction Forensic DNA Testing and Defendant's Supporting Affidavit (13 Aug 2014) — Vol.1-204

Order Appointing Counsel Under Chapter 64.01 — Vol.1-210

Motion for Post-Conviction Forensic DNA Testing (26 Aug 2014) — Vol.1-211

Motion for Post-Conviction Forensic DNA Testing (16 Sep 2014) — Vol.1-216

State's Response to Gaines Motion for Post-Conviction DNA Testing (25 Sep 2014) — Vol.1-218

Order Granting Ernest Gaines Motion For Post-Conviction DNA Testing (25 Sep 2014) — Vol.1-300

Defendant Correspondence (4 Nov 2015) — Vol.1-305

Defendant Correspondence (7 Nov 2015) — Vol.1-308

Defendant Correspondence (17 Jun 2015) — Vol.1-310

Article 64.04 Findings on the Results of Post-Conviction DNA Testing (12 Aug 2015) — Vol.1-312

5

Notice for New Trial (1 Sep 2015)                                          Vol.1-315

Defendant's Notice of Appeal and Pauper oath Appointment of     Vol.1-316
Attorney on Appeal (1 Sep 2015)

Trial Court's Certification of Defendant's Right of Appeal (1 Sep   Vol.1-319
2015)

Defendant Correspondence (1 Sep 2015)                              Vol.1-320

Motion of Appeal (1 Sep 2015)                                      Vol.1-323

Order Denying Motion for New Trial (11 Sep 2015)                   Vol.1-324

Defendant's Notice of Appeal And Pauper Oath Appointment of    Vol.1-325
on Appeal (11 Sep 2015)

Defendant Correspondence (17 Sep 2015)                            Vol.1-326

Defendant Correspondence (29 Sep 2015)                            Vol.1-328

Defendant Correspondence (8 Oct 2015)                             Vol.1-331

CCA Order (15 Oct 2015)                                            Vol.1-335

Trial Court's Findings of Fact                                    Vol.1-336

Bill of Costs Certification                                        Vol.1-338

Clerk's Certification                                             Vol.1-343

6

The State of Texas §

County of Dallas §

In the 282ND JUDICIAL DISTRICT COURT of Dallas County, Texas

Honorable ANDY CHATHAM Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:

TRIAL COURT CAUSE NUMBER: F05-56570-S

STATE OF TEXAS                    In The 282ND JUDICIAL DISTRICT COURT

VS.

ERNEST EDWARD GAINES              DALLAS COUNTY, TEXAS

7

Exhibit 'D' Clerk's Record Trial Court's Findings Of Fact page 336-338.

Court of Appeals No. 05-15-01144-CR

Trial Court No. F05-56570-S

| THE STATE OF TEXAS | § | IN THE 282ND JUDICIAL |
|---|---|---|
| V. | § | DISTRICT COURT |
| ERNEST EDWARD GAINES | § | DALLAS COUNTY, TEXAS |

## TRIAL COURT'S FINDINGS OF FACT

The Court of Appeals for the Fifth District of Texas at Dallas has ordered the Official Court Reporter for this Court, Patricia Holt, to file either the court reporter's record of the hearing on the motion for post-conviction DNA testing in this case, or written confirmation that no hearing was conducted or recorded.

The Court finds that post-conviction DNA testing was granted in this case on October 22, 2014.

The Court reviewed the DNA test results and entered findings on August 12, 2015, finding that had the results been available during the trial of the offense it is not reasonably probable that the defendant, Ernest Edward Gaines, would not have been convicted.

The August 12, 2015, findings indicated that the results of the DNA testing were examined by the Court during a hearing held under Article 64.04 of the Code of Criminal Procedure. The Court finds that no hearing was held concerning the results of the DNA testing and that the finding of the Court in the August 12, 2015, findings indicating that there was a hearing is inaccurate.

This Court entered its findings based solely on the test results without conducting a hearing.

336

In addition, this Court has confirmed with Ms. Holt that there is no record of any hearing being conducted on the results of the DNA testing.

The Court therefore finds that there is no reporter's record for the official court reporter to forward to the Court of Appeals.

The Court requests that the Court of Appeals consider these findings as written confirmation that no hearing was conducted or recorded in lieu of written confirmation from Ms. Holt.

The Clerk of this Court is ORDERED to immediately forward a copy of these findings to the Court of Appeals for the Fifth District of Texas at Dallas. It is further ORDERED that the Clerk of this Court forward a copy of these findings to defense counsel, John Tatum, 990 South Sherman Street, Richardson, TX 75081, and to counsel for the State.

SIGNED this ⟋1⟍ day of October, 2015.

AMBER GIVENS-DAVIS, JUDGE
282ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

337

ERNEST EDWARD GAINES

VS.

THE STATE OF TEXAS

CAUSE NO: F05-56570-S

282ND JUDICIAL DISTRICT COURT

DALLAS COUNTY, TEXAS

### BILL OF COSTS CERTIFICATION

I, Felicia Pitre, Clerk of the District Courts of Dallas County, Texas do hereby

Certify that the following documents constitute costs that have accrued to date,

November 04, 2015 as listed in the Dallas County mainframe for the above captioned

cause.

GIVEN UNDER MY HAND AND SEAL of office in Dallas County, Texas on this

November 04, 2015

*Jameka Rand*          **Jameka Rand**

J. Rand          Deputy District Clerk

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Felicia Pitre, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.

Witness my official hand and seal of
office, this ___11-4-18___.

FELICIA PITRE, DISTRICT CLERK
Dallas County, Texas
By _____
          Deputy



338

Exhibit 'E' Appellant's Motion To Hold Case Cause Number In Abeyance
BEFORE Issue The Mandate In This Cause Number Filed on July 25, 2022.

# 5th Circuit Bar-Code Cover Sheet

*[Live]*

**File name: 000459280.pdf**
**Docketed by: CyrilMorise**

Bar Code ID: 459280

Date/Time: 7/25/2022,9:42 AM

Case Number: 21-10897

Category: 21-10897_Prisoner #01







July 05, 2022

To; United States of Appeals
        Fifth Circuit
        Office of the Clerk
    ATTN: Lyle W. Cayce Clerk,
    600 S. Maestri Place
    New Orleans, Louisiana 70130-3408

From: Mr. Ernest E. Gaines #1364192
        Preston E. Smith Unit HS/E-130B
        1313 County Road 19
        Lamesa, Texas 79331

**RE: No. 21-10897**              **Gaines v. Lumpkin**
                                  **USDC No. 3:20-CV-3598-X**

Dear Lyle W. Cayce Clerk,

            I'm requesting that the following Appellant's
Motion To Hold Case Cause Number In Abeyance Before Issue The Mandate
In This Cause Number be filed with this Court. I'm also asking thatr
Rule 2 of Appellant Procedure be suspended for copies, because appellant
is in forma pauperis inidgent, this court shall provide services free
of charge to inidgent persons under Texas Legislater Statues Sec. 593 0111
Add at Act 1991, 72nd Leg., ch. 76, Sec. 1, eff., Sept. 1, 1991. I'm
sending a stamped enevlope, so that a filed stamped sealed copy of
this petition be send to appellant for appellant copy. Thank you for your
assistance with this matter!

                              Sincerely,  
                                          Appellant's Pro Se

C.C.:File.



United States Court of Appeals

for the Fifth Circuit

---

No. 21-10897

---

ERNEST EDWARD GAINES,

Petitioner-Appellant,

versus

Bobby Lunmpin, Director, Texas Department of Criminal Justice, Correctional Institutionals, Division; NFN Babcock, Warden; NFN Garrett, Officer,

Respondents-Appellees,

---

Appeal from the United States District Court
for the Northern District of Texas
USCD No. 3:20-CV-3598

---

## APPELLANT'S MOTION TO HOLD CASE CAUSE NUMBER IN ABEYANCE BEFORE ISSUE THE MANDATE IN THIS CAUSE NUMBER

COME NOW, Ernest Edward Gaines, Appellant's in forma pauperis inidgent proceed in this case cause number, pursuant to Rule 8(c) Federal Rules of Appellant Procedure (See also: Rule 38, Federal Rules of Criminal Procedure), file this Appellant's Motion To Hold Case Cause Number In Abeyance Before issue The Mandate In This Cause Number, Appellant's case cause in abeyance for the following reasons:

I.

Appellant's request to this Court, Appellant's Motion To Hold Case Cause Number In Abeyance Before Issue The Mandate In This Cause Number, because appellant need to go back to the State Court to exhaust all claims issues that was not raised on the State level Post-Conviction Habeas Corpus 11:073 scientific evidence, newly discovered evidence, and actual innocence to exhaust all State Court remedies:

1

The States uses mandatory lauguage in connection with requiring substanties p predicates demands a conclusion that the States has created a protected liberty interest. See **Hewit v. Helms,** 460, 471-472, 103tS.Ct. 864, 871 (1983)(holding the use of mandatory language combined with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest); **Kentucky Dept. of Correction v. Thompson,** 490 U.S. 454, 462-463, 109 S.Ct. 1904, 1909 (1989)(holding a State creates a protected liberty interest by placing substantive limitations on official discretion. Having determined that, the State created and suffied acquired, a liberty interest in freedom from confinement further demands that, the Due Process and of the 14th Amendment to the U.S. Constitution attaohed the protections v therefore. In other words once the State created liberty interest is obtained, the Due Process protections and requirements come right along side. In this case Article/-Chapter 64.01-64.05 is the DNA requirements are lawful and meet relevant criteria moves over, it was rescinded without notice and without an opportunity to be heard. See **Ellis v. Director of Colombia,** 84 F3d 1413, 1417 (DC Cir. 1996)(holding The Supreme Court's settled approach tothe DUE Process Clause concerning liberty interests, turn on the language of the regulations); **Ex Parte Geiken,** 28 S.W.3d, at 556 (holding if a liberty interest in created, due process requires notice and a meaningfiul opportunity to be heard. **Kentucky Doc,** 490 U.S. at 462, 109 S.Ct. 1904 (holding most prison procedural due process turn om lanuage creating substantive predicates to guide discretion. **La Chance v. Erickson,** 552 U.S. 262, 266, 118 S.Ct. 753, 756 (1998)(Holding the Court of due process is the right to notice and meaningfiul topporunity to be heard.

\* Appellant's  only has a statutory right to a hearing if the trial court orders DNA testing and the results of such testing are then completed. Tex. Code Crim. Proc. Art. 64.04. The DNA testing was ordered on September 25, 2014 Order Granting Ernest Gaines Motion For Post-Conviction DNA Testing, Clerk's Record Vol.1-300, and see Trial Court's Findings of Fact Clerk's Record Vol.1-336-337 that the

August 12, 2015, findings indicated that the results of the DNA testing were examined
by the Court during a hearing held under article 64.04 of the Code of Criminal Proce-
dure, the Court finds that no hearing was held concerning the results of the DNA test-
ing and thatthe findings of the Court in the August 12, 2015 findings indicating that
there was a hearing is inaccurate. This Court entered its findings base solely on the
test results without conducting a hearing.on October 21, 2015. This clearly violated
appellant's due process, a right to be representation by counsel at the hearing, a
right for court appiontted counsel to file MotionsFor A Indeependent ExpertsWitness,
Motion To Surpress DNA Testing, and Motion For New Trial, because the trial court
/State's Expert Witness filed a false DNA Testing Results Report to thisdCourt,
because appellant has a pro bono pathologist Harry J. Bonnell, M.D. affidavit from
review and analyzed forensic scientist Nicole Mullins DNA Testing Report that was
render an analysis and report nor am I commenting on the false report of the 282nd
Judicial Court wherein it stated that a hearing was held but that was untrue, on
June 09, 2022. This violates appellant right to cross-examine/confrontation clause
of the United States Contitution Six Amendment, and due process.

 * Appellant'was not put on notice of the Article/Chapter 64.04 hearing,
this violates his due process rights.

 * Appellant was not present at the Article/Chapter 64.04 which violates
his rights to be heard and due process rights to attended the Article/-
Chapter 64.04 hearing.

 * Appellant court appionted counsel Julie Lesser was not present at the
Article/Chaptera64.04 hearing to representation appellant as counsel viol-
atien of the Six Amendment of the United States Constitution rights for
Representation at any proceeding. See **U.S. v. Cronic,** 466 U.S. 648, 80
L.Ed. 2d 657, 104 S.Ct. 2039..

 * Appellant court appointed counsel Julie Lesser was not present at the
Article/Chapter 64.04 hearing to object to the forensic scientist Nicole

3

Mullins false DNA Testing Results Report that was not entered in to the Clerk's Reporter records, because there was not a Article/Chapter 64.04 hearing held where a trial transcript/Clerk's Record written by a court reporter, which violates a complete record so that appellant have the trial transcripts/Clerk's record to refer to for actual violation of the appellant constitutional rights.

* Appellant court apphonted counsel Julie Lesser was not present at the Article/Chapter 64.04 to cross-examination/Confrontation Clause to the false report/DNA Testing Results Report. The Forensic Scientist Nicole Mullins entered a false report, that the Judge held a closed hearing by himself an made a independent review on false evidence that created a miscarriage of justice violates due process in the interests of justice. Forensic Lab Report Confrontation Clause, 131 S.Ct. 2705.

* Appellant Court appionted counsel Julie Lesser failed to develop, and present to the Judge the DNA Testing Results/falsifed report of certain allegedly exculpatory forensic evidence that was a false report given to the Judge for a independent review on a false report/DNA Testing Resu Results on forensic scientist Nicole Mullins, which causes the Judge to make a decision with a falsifed report causeing a miscarriage of justice in the interests of justice on standard of review on post-conviction review of habeas corpus applications/trial court's findings of fact clerk's record Vol.1-336-337, the convicting court is the "orignial factfinder," and this Court is the ultimate factfinder. **Ex parte Reed,** 271 S.W.3d 698, 727(Tex.Crim.App.2008). We generally defer to and accept the convicting court's findings of fact and conclusions of law when they are supported by the record. Id. However, "[w]hen our independent review of the record revealsrthatdthe judge's findings and conclusions are not supported by the record, we may exercise our authority to make a contrary

4

or alternative findings and conclusions."Id.

 * Appellant has denied his right to discovery Rule(6), record expansion
Rule(7), and evidence hearing Rule(8) was filed with this Court, which
shows the DNA testing results was not filed in the trial court reporter
record trial transcripts/clerk's record, which this denied appellant a
complete record to file to this Court. It is clear that the record is not
complete; so that existing briefs cannot cite to the complete record as
required by the rules of appellate procedure. Tex.R.App.P.38.1, according-
ly, because the record is not complete, the existing briefs, will need
to be replaced by amended briefs once the complete record is filed.

 * Appellant shows the trial court abuse of discretion by not granting
appellant request for Motion To Hold A Hearing Pursuant To Under Article
64.04 Texas Code of Criminal Procedure, (1) articulated a valid legal
claim in his motion (2) produced evidence or pionted to evidence in the
trial record that substantiated the legal claim (DNA testing results re-
ord) and (3) showed prejudice to his substantial rights under Tex.R.App.-
P. 44.2.

**Appellant enter into record the affidavit of Harry J. Bonnell, M.D.
pro bono patholgy reviewed and analyzed forensic scientist Nicole Mullins
DNA testing results report/falsified report filed with the 282nd Judicial
District Court Dallas County wherein stated that a hearing was held that
was untrue,,the false report was entered and affidavit written on June
09, 2022, and  curriculum vitas education training see Exhibit 'A'.

 WHEREFORE, PREMISES CONSIDERED, Appellant's pray that the Appellant's
Motion To Hold Case Cause Number In Abeyance Before Issue The Mandate In
This Cause Number be [GRANTED] by this court, order the clerk of this
court send a order verify this order to appellant.

5

EXECUTED on this _5_ day of _July_____, 2022.

Respectfully Submitted,

_Ernest E. Gaines_
Appellant's Pro Se

## CERTIFICATE OF SERVICE

I, Ernest Edward Gaines, hereby certify that a true and correct copy of the above Appellant's Motion To Hold Case Cause Number In Abeyance Before Issue The Mandate In This Cause Number was service on the Dallas County District Attorney Office on the _5_ day of _July_____, 2022.

Respectfully Submitted,

_Ernest E. Gaines_
Appellant's Pro Se

## UNSWORN DECLARATION

I, Ernest Edward Gaines, swear under the penalty of perjury that this motion is correct to the best of my knowledge.

EXECUTED on this _5_ day of _July_____, 2022.

Respectfully Submitted,

_Ernest E. Gaines_
Appellant's Pro Se
TDCJ No.1364192
Smith Unit
1313 County Road 19
Lamesa, Tx. 79331

C.C.:File.

6

FOREVER / USA

HS/E-130P

Mr. Ernest E. Gaines #1364192
Preston E. Smith Unit HS/E-130B
1313 County Road 19
Lamesa, TX 79331

United States of Appeals
Fifth Circuit
Office of the Clerk
ATTN: Lyle W. Cayce Clerk,
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

Exhibit 'F' Court appointed counsel letters sent to Ernest Gaines.

CAUSE NO. F05-56570-S

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 282ⁿᵈ JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| ERNEST GAINES | § | DALLAS COUNTY, TEXAS |

## MOTION FOR POST CONVICTION FORENSIC DNA TESTING
## AND DEFENDANT'S SUPPORTING AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the defendant in the above-entitled and numbered cause, by and through counsel, pursuant to Chapter 64 of the Texas Code of Criminal Procedure, and would show unto the court in support of this Motion for Post Conviction Forensic DNA Testing the following:

I.

There was evidence containing biological material secured in relation to the above-entitled and numbered cause number. This evidence was in the possession of the State during the trial of the offense.

II.

The evidence, to the best of defendant's knowledge, was not previously subjected to DNA testing or, although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of previous testing. There is a substantial likelihood that DNA testing of the biological evidence would show that the defendant is not guilty of this charge.

III.

Identity was and is an issue in this case. It is a reasonable probability that the defendant would not have been convicted if exculpatory results were obtained through DNA testing. This evidence would exclude a person from the group of persons who could have committed this offense.

IV.

Defendant makes this request for DNA testing in the interest of justice, and this request is not made to unreasonable delay the execution of sentence or administration of justice.

·   WHEREFORE, PREMISES CONSIDERED, the defendant herein would respectfully pray that this court order the requested DNA testing to be done. Defendant prays for such other and further relief as to which the defendant may be entitled.

Respectfully submitted,

Julie Doucet
Assistant Public Defender
133 N. Riverfront Blvd., LB 2
Dallas, Texas 75207
Phone: 214-653-3550
Fax: 214-653-3539
Texas Bar No. 00787389

Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above motion was served on the Dallas County District Attorney's office on the __13__ day of _____, 2014.

No. F05-56570

THE STATE OF TEXAS                    §

COUNTY OF DALLAS                      §

FILED

23th JUL 30  AM11:40

SWORN AFFIDAVIT
GARY FITZSIMMONS
DIST. CT CLERK
DALLAS CO. TEXAS
DEPUTY

### SWORN AFFIDAVIT

I, ERNEST EDWARD GAINES, I'm over the age 18 of sound mind and h-
ave no disability capable of making this statement under duress
nor am I being forced or coerced in any way. I have personal know-
ledge of the facts written in this statement. I understand that
if I lie in this statement I may be held criminally responsible.
I swear under the penalty of perjury the following is true and c-
orrect to the best of my knowledge. This statement is true.

The Forensic DNA Testing pursuant to Chapter 64 of the CODE OF
CRIMINAL PROCEDURE will show my innocence by the following:

(1) All fingerprints, palm prints, and foot prints on steering
wheel, gearshift, dashboard, and console of the victim's vehicle
car at crime scene including DNA Testing, biological and scienti-
fic tests for Defendant's DNA in order to prove his innocence.

(2) All blood testing, and hair samples testing because Defend-
ant's was injuried on his left arm elbow bleeding badly August 28,
2005 accident in his truck. See In-Take Book-In Dallas County Jail
Lew Sterrat Dallas, Texas required nurse attendance first-aid band-
ages on left injuried arm elbow August 28, 2005. To see if any of
Defendant's blood or hair sample is in the victim's vehicle car D
DNA Testing, biological, and scientific tests in order to prove
Defendant's innocence.

cells

### CONCLUSION AND PRAYER

Defendant's request that this Court find there are controverted
previously, unresolved matters of facts "material" to the legality

-1-

of Defendant's confinement and either through a hearing where evidence may be presented or through an order enter findings of facts and conclusion of law and recommend that motion should be granted by the Court.

## UNSWORN DECLARATION

I, ERNEST EDWARD GAINES, Defendant Pro-Se in this cause, state the following under the penalty of perjury. I am a prisoner, #1364192 currently incarcerated in the Michael Unit in Texas Department Of Criminal Justice in Anderson County, Texas. I am duly qualified and authorized in all respect to make this unsworn declaration. I have read the foregoing Sworn Affidavit, and declare that I have personal knowledge of the facts contained therein and said facts are true and correct.

EXCUTED in Anderson County, Texas, pursuant to Article 132.001 et. seg., Texas C.P.R.C. and 28 USC § 1745, on this 28 day of July, 2014.

Respectfully Submitted,

*Ernest E Gaines*

ERNEST EDWARD GAINES
Defendant Pro-Se
TDCJ-ID No. #1364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

## CERTIFICATE OF SERVICE

I, ERNEST EDWARD GAINES, hereby cerifty that a true and correct of this motion was served on Gary Fizsimmons District Clerk Frank-Crowly Criminal Bldg. 133 N. Riverfront Blvd. Dallas, Texas 75207.

-2-

EXCUTED on this $\underline{28}$ day of July, 2014.

Respectfully Submitted,

*Ernest E Haines*

ERNEST EDWARD GAINES
Defendant Pro-Se
TDCJ -ID No.#1364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

c.c on July $\underline{28}$, 2014.

-3-

## CAUSE NO. F05-56570-S

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 282nd JUDICIAL |
| VS. | § | DISTRICT COURT |
| ERNEST GAINES | § | DALLAS COUNTY, TEXAS |

## ORDER APPOINTING COUNSEL UNDER CHAPTER 64.01

The Defendant in the above numbered and styled cause has informed the Court that he wishes to submit a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The Defendant has also requested the appointment of counsel. Having determined that reasonable grounds exist for this motion to be filed and that Defendant is indigent, the Court hereby appoints Julie Doucet, Dallas County Public Defender's Office, 133 N. Riverfront Blvd., L.B.2, 9th Floor, Dallas, Texas, 75207, as counsel to represent the Defendant.

It is therefore ORDERED that Defendant's request for appointment of counsel is GRANTED.

Signed this 13th day of August, 2014.

Judge Presiding

CAUSE NO. F05-56570-S

| STATE OF TEXAS | § | IN THE 282nd JUDICIAL |
|---|---|---|
| | § | |
| v. | § | DISTRICT COURT |
| | § | |
| ERNEST GAINES | § | DALLAS COUNTY, TEXAS |

## COURT'S NOTIFICATION OF REQUEST FOR FORENSIC DNA TESTING

The Defendant in the above numbered and styled cause number has filed a motion with this court for forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. A copy of the Defendant's motion is provided along with this notice.

In accordance with Article 64.02 of the Code of Criminal Procedure, Craig Watkins, the District Attorney of Dallas County, Texas, or his designated assistant District Attorney, is hereby ORDERED to deliver to the Court the evidence designated in the Defendant's motion, along with a description of the condition of the evidence, or explain in writing to the Court why the evidence cannot be delivered to the Court.

The State's response shall be filed with this Court no later than the 8th day of October, 2014.

SIGNED this 13 day of August, 2014.

Judge Presiding



# DALLAS COUNTY
## Public Defender's Office

August 15, 2014

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Dear Mr. Gaines,

The Judge for the 282nd Judicial District Court has appointed Julie Doucet to represent you on your request for post-conviction DNA testing.

As a result, Ms. Doucet has filed a Motion for post-conviction DNA testing on your behalf and notified the Court. Enclosed are copies of the Order, Motion and Court's Notification. Please retain these copies for your records.

The State should file a response to the Motion by October 8th. We will forward you a copy of the response once it is filed.

With kindest regards,

LaKisha Camese, CRP
Paralegal for Julie Doucet

Enclosures (3)

lc/JD



DALLAS COUNTY
Public Defender's Office

September 22, 2014

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Dear Mr. Gaines,

Thank you for your recent correspondence dated September 11, 2014 and the information contained in your letter.

Ms. Doucet will make the appropriate request(s) for expert assistance when, and if, it becomes necessary and she has the legal basis to do so at the appropriate time. It is premature to do so at this time since we don't even know what evidence, if any, has been retained by the police agency, SWIFS, and the evidence registrar for Dallas County.

However, we will keep you updated as your case progresses.

With kindest regards,

LaKisha Camese, CRP
Paralegal for Julie Doucet

lc/JD



# DALLAS COUNTY
Public Defender's Office

October 8, 2014

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Dear Mr. Gaines,

Enclosed is a copy of the State's response to your motion for post-conviction DNA testing. Please retain this copy for your records.

As you can see, the State agrees that you meet the requirements for testing. We are working out the details for the order and will keep you posted.

Also, please be advised that someone will be coming to take a buccal swab from you- it looks like a really long q-tip that is swabbed on the inside of your mouth. Please cooperate with them- without talking about your case- and let us know when that has been done. This means that you will need to sign the envelope after they seal the swab from the inside of the envelope.

We will keep you updated.

With kindest regards,

LaKisha Camese, CRP
Paralegal for Julie Doucet

Enclosure (1)

lc/JD



DALLAS COUNTY
Public Defender's Office

November 11, 2014

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Dear Mr. Gaines,

Enclosed is a copy of the Order granting your motion for post-conviction DNA testing. Please retain this copy for your records.

The evidence is being transferred to the Texas Department of Public Safety (DPS) and we will keep you updated as we have more information.

With kindest regards,

*LaKisha Camese*

LaKisha Camese, CRP
Paralegal for Julie Doucet

Enclosure (1)
  *Order Granting Motion for Post-Conviction DNA Testing*

lc/JD



DALLAS COUNTY
Public Defender's Office

July 15, 2015

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

*Re: State of Texas vs. Ernest Edward Gaines, F05-56570-S*

Dear Mr. Gaines,

Enclosed are copies of the Texas Department of Public Safety Crime Lab reports dated January 27, 2015 and March 31, 2015. Please retain these copies for your records.

Based on these reports, we expect the Court will enter findings that, had this information been available, it is like you would still have been convicted.

We will keep you updated.

With kindest regards,

*LaKisha Camese*

LaKisha Camese, CRP
Paralegal for Julie Lesser

Enclosures (2)
    *Texas Department of Public Safety Crime Laboratory Report dated January 27, 2015 (2 pages)*
    *Texas Department of Public Safety Crime Laboratory Report dated March 15, 2015 (2 pages)*

lc/JL



# DALLAS COUNTY
Public Defender's Office

August 12, 2015

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

### Re: State of Texas vs. Ernest Edward Gaines, F05-56570-S

Dear Mr. Gaines,

Enclosed please find the Article 64.04 Findings on the pending Chapter 64 motion. As anticipated, the Judge determined that had the results been available at trial the outcome would have been the same.

In reference to your July 29, 2015 letter, the issues you raise are not Chapter 64 issues. Chapter 64 only addresses DNA testing.

**If you would like to appeal the Findings entered today, you must notify the clerk of the court within 30 days by sending notice directly to the clerk at:**

**282nd Judicial District Court**
**Clerk of the Court**
**Frank Crowley Courts Building**
**133 N. Riverfront Blvd., Lockbox 32**
**Dallas, Texas 75207**

Please be aware that any appeal will be limited to the specific Findings made by the Judge based on the lab reports.

Best of luck to you in the future.

Sincerely,

Julie Lesser
Assistant Public Defender

Encl.



# DALLAS COUNTY
Public Defender's Office

December 19, 2019

Mr. Ernest Edward Gaines, #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

### Re: State of Texas vs. Ernest Edward Gaines, F05-56570-S

Dear Mr. Gaines,

I am in receipt of your recent letter. Please be aware that I have provided you with a complete copy of all the documents I have in your file.

Unfortunately, I will not be able to assist you with any mandamus, as my representation of you has concluded. The DNA results were reported almost five years ago, they were presented to the Court and the Court issued Article 64.04 Findings in this case on August 12, 2015, a copy of which were provided to you at that time. There is no requirement that the forensic scientist provide live testimony.

Should you desire additional information, you are free to direct your written request(s) to the originating agency. Unfortunately, I am not be able to assist you further in this regard.

Best of luck to you in the future.

Sincerely,

Julie Lesser
Assistant Public Defender

Exhibit 'G' Letter's write to Mr. John Creuzot Criminal District
Attorney.

December 06, 2021

To: Mr. John Creuzot Criminal District Attorney
    Frank Crowley Courts Buidling
    133 N. Riverfront Blvd. LB.-19
    Dallas, Texas 75207-4399

From: Mr. Ernest E. Gaines #1364192
      Preston e. Smith Unit HS/C-130B
      1313 County Road 19
      Lamesa, TX 79331

Dear Mr. John Creuzot Criminal District Attorney,

                              Sir, on June 15, 2021 you had the
Assistant District Attorney Rianne Morre Conviction Integrity Unit sent Cybergenetics
up on my request the electronic DNA data files (.hid and .fsa) on CDs or USB drives.
 Now corect me if I'm wrong but you download the CDs or the USB drives into a document
file copy and then open the document file and copy records from the file! I took a
some computer business courses an learned that.
 I've wrote up to sixen letters dates from June 20, 2021, July 16, 2021, August 22,
2021, September 22, 2021, October 05, 2021, and October 26, 2021 requesting her to
send me a copies of the electronics data files (.hid and .fsa) she claims she can not
perform the analysis withuot the electronic DNA data file.
 Now she saids I must get with you and Dallas County Assistant District Attorney Rianne
Moore to get get copies of the electronic DNA data files (.hid and .fsa), so that I
will have copies for my file, and my expert witness to go over an see what evidecne
this electronic DNA data files (.hid and .fsa) shows!
 Please send the information requested above, so pro se litigant made have a right to
view all the evidence in his case. Cybergenetics Ms. Stephanie Frisina, MS started
out being truthful, but late on would no answer my questions an started withholding
information and maybe evidence can prove my innocence, so I need to review all the
electronics DNA data file (.hid and .fsa) for myself, please send information above!
 Thank you for your assistance with this matter!

RE: State of Texas                          Sincerely,
    vs.
    Ernest Edward Gaines                              Litigant Pro Se
    Cause No. F05-56570

c.c.File.

September 22, 2021

To: Mr. John Creuzot Criminal District Attorney
    Frank Crowley Courts building
    133 N. Riverfront Blvd. LB. 19
    Dallas, TX 75207-4399

From: Mr. Ernest E. Gaines #1364192
      Preston E. Smith Unit HS/C-130B
      1313 County Road 19
      Lamesa, TX 79331

RE: State of Texas vs. Ernest Edward Gaines
    Cause No. F05-56570

Dear John Creuzot Criminal District Attorney,

                                        Sir, I'm bring to your
awareness that Riann Moore Assistanc District Attorney forwarded
Cybergenetis DNA data files on June 15, 2021 to review as I request
I have written Cybergenetics on July 16, 2021, August 22, 2021, ar
September 22, 2021 to send copies of the DNA data files sent to the
by Ms. Rianne Moore Ass. District Attorney, and Mr. John Creuzot Cr
inal District Attorney, and I have requested three different time f
them to send me copies of the DNA data files for me records an revi
for appeal purposes, and they have not. I'm sending you there telep
number (412)683-3004 an tell them to forward me a copies of the DNA
data files sent to them by you, or you send me a copies so I can re
what was sent to them for my records an appeal purposes.
    I also, want to bring to your attendation I filed Applicant's Pro
Motion For The 282ND Judicial District Court To Take Judicial Notic
Of The Attached Exhibit's In The Interests Of Justice Due Process F
Constitution Violations, and Applicant's Pro Se Motion For Post-Con

viciton To Compel Discovery To Obtain Documents And Trial Records I
Forma Pauperis that was not available to me, because I was on Suici
Precaution Paper Drape Only the entire trial, and the Court was awa
of me begin on Suicide Precaution Paper Drape Only with[Stunbelt] o
through out the entire trial. See 2017 U.S.App.LEXIS 14363 (7th Cir
Aug. 4, 2017), Sir, I would like a [Open File] to the District Atto:
file [see]for the withholding of favorable evidence that prove prep
erance of actual innocence for fileing 11.073 habeas co
scienific evidence to prove actual innocence with DNA Report was not
entered into evidence by Judge in a hearing that was no held with a
the Judicial member in the processing, which violation of applicant
due process rights to full hearing, and right to a fair trial proce
ing. No Article/Chapter 64.04 hearing has been held in the Gaines'
Motion For Post-Conviction Forensic DNA Testing Results Article/Chap
64.04 hearing violation of due process no results in DNA Testing res
Yes, there is evidence to prove applicant Gaines was not at the crin
scene of this offence. Riann Moore Ass. District Attorney is withhol
the favorable evidence that prove preponderance of evidence in the
actual innocence of Gaines case.
    Honorable Criminal District Attorney John Creuzol would you allow
applicant Gaines' Pro Se litigant the opportunity to prove his innoc
cence by the preponderance of evidence in the [open file] of favor-
able evidence withheld in the District Attorney file that has been r
view by Applicant Gaines, request to review D.A. file. Thank You! Si

                                        Sincerely, Ernest E. Gaines

c.c.:File. on September 22  2021

July 8, 2022

To: Dallas County District Attorney Office
attn: Public Information act Request
133 North Riverfront Boulevard, LB 19
Dallas, Texas 75207-4399

From: Mr. Ernest E Haines # 1364192
Preston E Smith Unit 18-E-130 B
1313 County Road 19
Tennessee Colony, Texas 74331-1898

RE: State of Texas vs. Ernest Edward Haines
    Cause No. F05-56570

Dear Dallas County District Attorney Office, Attn: Public Information act Request:

    I'm responding to letter date June 29, 2022 that I received from Preston E Smith, Unit Mailroom Supervisor Mrs. Robbin on July 05, 2022 legal mail.
    Mrs. Reanne Moore assistant District attorney, I request Public Information act Request the electronics data files C. hid and fsa) send to Cybergenetics Mrs. Stephanie Prisen, MD. on June 15, 2021 and would you also send me the crime scene blood type, of the three blood sample at the crime scene. I will have a copies of for my files and my expert witness to go over and see what evidence the electronic DNA data files (.hid and .fsa) and the three blood samples at the crime scene blood type is shows for evidence purposes.

Please forward me all the information in the District attorney file that is the open file records of exculpatory evidence under the Brady claim, because I'm the appellant pro se counsel represent myself as pro se litigant of habeas corpus scientific evidence 11.073 actual innocence. Thank you for assisting with the right information to make a Public information act request to the Dallas County District attorney's Office to get all the information listed above! Please send me all information as soon as possible!

Sincerely,

Ernest L. Haines
appellant's pro se

C.C.: File!

September 22, 2022

To: Mr. John Creuzot Criminal District Attorney
    Frank Crowley Courts building
    133 N. Riverfront Blvd. LB. 19
    Dallas, TX 75207-4399

From: Mr. Ernest E. Gaines #1364192
      Preston E. Smith Unit HS/C-130B
      1313 County Road 19
      Lamesa, TX 79331

RE: State of Texas vs. Ernest Edward Gaines
    Cause No. F05-56570

Dear John Creuzot Criminal District Attorney,

Sir, I'm bring to your
awareness that Riann Moore Assistanc District Attorney forwarded
Cybergenetis DNA data files on June 15, 2021 to review as I request
I have written Cybergenetics on July 16, 2021, August 22, 2021, ar
September 22, 2021 to send copies of the DNA data files sent to the
by Ms. Rianne Moore Ass. District Attorney, and Mr. John Creuzot Cr
inal District Attorney, and I have requested three different time f
them to send me copies of the DNA data files for me records an revi
for appeal purposes, and they have not. I'm sending you there telep
number (412)683-3004 an tell them to forward me a copies of the DNA
data files sent to them by you, or you send me a copies so I can re
what was sent to them for my records an appeal purposes.
    I also, want to bring to your attendation I filed Applicant's Pro
Motion For The 282ND Judicial District Court To Take Judicial Notic
Of The Attached Exhibit's In The Interests Of Justice Due Process F
Constitution Violations, and Applicant's Pro Se Motion For Post-Con

viciton To Compel Discovery To Obtain Documents And Trial Records I
Forma Pauperis that was not available to me, because I was on Suici
Precaution Paper Drape Only the entire trial, and the Court was awa
of me begin on Suicide Precaution Paper Drape Only with[Stunbelt] o
through out the entire trial. See 2017 U.S.App.LEXIS 14363 (7th Cir
Aug. 4, 2017), Sir, I would like a [Open File] to the District Atto:
file [see]for the withholding of favorable evidence that prove prep
erance of evidence of actual innocence for fileing 11.073 habeas co
scienific evidence to prove actual innocne with DNA Report was not
entered into evidence by Judge in a hearing that was no held with a
the Judicial member in the processing, which violation of applicant
due process rights to full hearing, and right to a fair trial proce
ing. No Article/Chapter 64.04 hearing has been held in the Gaines'
Motion For Post-Conviction Forensic DNA Testing Results Article/Char
64.04 hearing violation of due process no results in DNA Testing res
Yes, there is evidence to prove applicant Gaines was not at the crin
scene of this offence. Riann Moore Ass. District Attorney is withhol
the favorable evidence that prove preponderance of evidence in the
actual innocence of Gaines case.
    Honorable Criminal District Attorney John Creuzol would you allow
applicant Gaines' Pro Se litigant the opportunity to prove his innoc
ence by the preponderance of evidence in the [open file] of favor-
able evidence withheld in the District Attorney file that has been r
view by Applicant Gaines, request to review D.A. file. Thank You! Si

Sincerely, Ernest E. Gaines

c.c.:File. on September 22, 2021

Exhibit 'H' Letters of Mr. John Creuzot responding to Ernest Gaines
letters.



**JOHN CREUZOT**
**CRIMINAL DISTRICT ATTORNEY**
**DALLAS COUNTY, TEXAS**

June 29, 2022

Mr. Ernest Edward Gaines
TDCJ No. 01364192
Preston E. Smith Unit
1313 CR 19
Lamesa, TX 79331-1898

    *RE:*    *State of Texas vs. Ernest Edward Gaines*
          *Cause No. F05-56570*

Dear Mr. Gaines:

You previously wrote to the CIU asking for assistance in having files sent to Cybergenetics, because they had agreed to look at the files for you at no cost to yourself. I wrote to you on June 15, 2021, indicating that at your request, the DNA data files were sent to Cybergenetics. They performed that review and corresponded with you their results. I also wrote to you that the CIU was not opening an investigation or further review into your case. I am now in receipt of your letters dated September 30 and December 15, 2021. I reviewed your letters and the documents related to your case, and am unable to assist you further at this time.

To make a Public Information Act request to the Dallas County District Attorney's Office, please write to the Dallas County District Attorney's Office, Attn: Public Information Act Request, 133 N. Riverfront Blvd., LB2, Dallas, TX 75207.

If you believe you have been wrongfully convicted and/or deprived of a fair trial, we encourage you to pursue your claim and/or any other relief you believe you may have by seeking legal counsel who can then advise you. Since the CIU is part of the District Attorney's Office, we do not represent individuals and cannot provide legal advice.

Additionally, we are returning your correspondence and we have retained a copy for our records.

Sincerely,

*Riann Moore*

Riann Moore
Assistant District Attorney
Conviction Integrity Unit
Dallas County, Texas

Frank Crowley Courts Building, 133 North Riverfront Boulevard, LB-19 Dallas, Texas 75207-4399  (214) 653-3600



JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS
APPELLATE DIVISION

July 14, 2022

Ernest Edward Gaines
TDCJ# 136192
Preston E. Smith Unit
1313 County Road 19
Lamesa, Texas 79331

Re:    Public Information Act request regarding record pertaining to trial
cause number F0556570.

Dear Mr. Gaines:

The Dallas County District Attorney's Office received your request on July 13, 2022. In your request, you state that you are an inmate and seek records concerning your conviction. Section 552.028 of the Public Information Act provides that a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. Tex. Gov't Code Ann. § 552.028(a)(1). This provision applies to requests from inmates or their agents, even if the requested information pertains to the inmate. *See Harrison v. Vance*, 34 S.W.3d 660, 662–63 (Tex. App.—Dallas 2000, no pet.); *Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied). In accordance with the Texas Government Code, your request is denied at this time.

Sincerely,

Ricardo Vela, Jr.
Assistant District Attorney
Dallas County District Attorney's Office

Exhibit 'I' Letter from Judge Amber Given-Davis.



UNITED STATES POSTAGE
$ 00.452
OCT 19 2016
02 1R
0002010665
MAILED FROM ZIP CODE 75222

FIRST CLASS
PRESORTED

Ernest Edward Gains
TDCJ #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

**JUDGE AMBER GIVENS-DAVIS**
282nd JUDICIAL DISTRICT COURT
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-32
Dallas, Texas 75207-4399

Received
Oct. 25, 2016



**JUDGE AMBER GIVENS-DAVIS**
282nd JUDICIAL DISTRICT COURT
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-32
Dallas, Texas 75207-4399
(214) 653-5852

October 11, 2016

Ernest Edward Gaines
TDCJ #01364192
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Re:   *Ernest Edward Gaines v. The State of Texas*
      Court of Appeals No. 05-15-01144-CR
      Trial Court No. F05-56570-S

Dear Sir:

The Court has received correspondence from you indicating you had not been notified of the appointment of new counsel on your appeal. On July 8, 2016, the Court appointed Valencia Bush as your attorney. She may be contacted at 10000 N. Central Expressway, Suite 400, Dallas, Texas 75231. Her telephone number is 214-631-3435.

Sincerely,

Judge Amber Givens-Davis

Exhibit 'J' The Dallas Morning News Article Dallas County 'Givens'
recusal sought by 15'.

**Metro&Business**

The Dallas Morning News

Section B

Thursday, June 30, 2022

FWDDFW.com

FWDDFW

SUPPORTED BY

Baylor Scott & White HEALTH

DallasNews.co

# DALLAS COUNTY

# Givens' recusal sought by 15

## They say they can't get fair trial since judge is under investigation

By KRISTA TORRALVA
Staff Writer
kristatorralva@dallasnews.com

Fifteen criminal defense lawyers are taking the rare step to get an embattled Dallas judge recused from their cases — 104 in total.

The lawyers say in court records they can't get fair trials before state District Judge Amber Giv-



ens, who is under investigation by the Texas Department of Public Safety over ac-

**AMBER
GIVENS**

cusations she ordered a staffer to con-duct a virtual hearing in her place last year.

Many of the lawyers belong to the Dallas County Defense Lawyers Association, the group that filed a grievance last year with the State Commission on Judicial Conduct against Givens over the accusation. The Commission asked the Texas Rangers to investigate.

Givens responded by accusing the lawyers group of defamation and asked a civil court judge to allow her to take depo-

See **15** Page 6B

Case 3:24-cv-00457-X-BK Document 4 Filed 12/20/24 Page 140 of 141 PageID 169

# 5 lawyers want judge off cases over accusations

Continued from Page 1B

ions from its members. She is denied the accusation and lied it an effort to suppress the ters' choice for the 282nd District Court.

Lawyers affiliated with the oup say the civil proceedings one are enough to have Givens moved from their cases. Prosutors did not object to the recusals, and joined in some of the quests.

Administrative Judge Ray heless, who oversees a region luding Dallas, granted two orneys' requests to transfer e cases to another court during a virtual hearing Friday. Givens did not attend the hearing. Wheless said he will host additional hearings to consider the remaining cases. Givens voluntarily recused herself from out 20 cases not included in 104, Wheless said.

In an email, Givens told *The allas Morning News* that state ices rules for judges prohibit r from commenting about the recusals, the Rangers investigation or a pending case in which she is a witness. Her lawyer, Nicole Knox, previously said an investigation would show Givens and her staffer did nothing improper.

Also on Friday, Dallas County District Attorney John Creuzot asked Wheless to recuse his office from the Rangers investigation, should they refer a case for prosecution. Wheless reassigned the matter to Fort Bend County District Attorney Brian Middleton.

Attorneys Jeff Lehman and Allan Fishburn, who are seeking recusals, want Givens to testify in one of their cases. They represent Wesley Jones, who Givens said sent her threatening emails in an attempt to thwart his robbery trial last month. A jury found Jones guilty and sentenced him to life in prison.

During his trial, Jones enlisted a friend to send racist threats to Givens, authorities allege in an arrest-warrant affidavit. Jones faces a charge of making a terroristic threat against a peace officer or judge. Givens and Jones both are Black.

Jones' lawyers asked for an examining trial to evaluate the evidence against him and issued a subpoena to Givens for her testimony. In a response, Givens suggested the lawyers want her to testify about issues that don't pertain to Jones' case. A hearing was delayed last week and is expected to be rescheduled.

Givens overwhelmingly won her bid for reelection this year, getting 53% of the vote against two challengers in the Democratic primary and avoiding a run-off. There is no Republican challenger on the November ballot, and Givens will begin her third four-year term as a judge in January.

## The impersonation accusation

Defense lawyer Tim Jeffrey and prosecutor Eduardo Carranza presented Givens with paperwork Aug. 3 to reduce bail for Floyd Lee, who was jailed on accusations he violated the conditions of his probation in a burglary case, according to the judge and court records.

Givens said she called for an online proceeding to approve the bond reduction but had technical difficulties joining the meeting. She said she gave her login credentials to her court coordinator, Arceola Warfield, and called her by telephone. Warfield turned on the speaker on her phone so the judge could conduct the proceeding, Givens said. The camera on the judge's Zoom account remained off, so the lawyers could not see Givens or Warfield, according to the grievance.

The lawyers and probation officer involved contend the voice leading the proceeding was the court coordinator's, not Givens'. Impersonating a public servant is a third-degree felony in Texas.

Givens emailed Creuzot in October and said she believed the prosecutor falsely alleged to other lawyers she had Warfield act as her.

Givens recused herself from Lee's case in November. Later that month, the defense lawyers association filed the grievance.

## Judicial temperament

The association filed the complaint as a supplement to a grievance to the state commission in July 2020 that accused Givens of mistreating people in her court, documents show. The first grievance, which the association provided to *The News* with names redacted, accused Givens of acting erratically on the bench and speaking disrespectfully to lawyers.

Givens told *The News* the accusations were a "false narrative" last year.

Lawyers continue to allege she treats people who come before her unfairly. Attorney Bret Schmidt told Wheless during last week's hearing that Givens held him and a client in the courtroom for five hours during a hearing and scolded him being unprepared for a case when he only received the evidence minutes earlier. His motion to recuse Givens was granted.

Lawyer Marcus Fennan Wheless during the hearing that Givens ordered a client to offender treatment even though he pleaded guilty to reckless bodily injury of a child. The client had been charged with indecency with a child, but Wheless said evidence presented to the judge couldn't have led her to conclude he had committed a sexual offense. The client was legal permanent resident of United States, and the law feared that the judge order could open him up to being deported.

Fennan submitted a transcript of the hearing to Wheless, which he said he considered in his decision to recuse Givens. His motion to recuse Givens was also granted.

*Twitter: @KMTorralva*