IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST EDWARD GAINES, | § | |
| #1364192, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-457-X-BK |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Ernest Edward Gaines'

*pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United

States magistrate judge for case management, including the issuance of findings and a

recommended disposition where appropriate. Upon review of the relevant pleadings and

applicable law, Gaines' habeas petition should be summarily **DISMISSED WITH**

**PREJUDICE**.

## I. BACKGROUND

In 2006, Gaines was convicted of aggravated robbery and sentenced to life imprisonment

and a $10,000 fine. *See State v. Gaines*, No. F0556570 (282nd Jud. Dist. Ct., Dallas Cnty., Tex.

Apr. 19, 2006), *aff'd*, No. 05-06-00599-CR, 2007 WL 1829724 (Tex. App. – Dallas June 27,

2007, pet. ref'd). He unsuccessfully sought state and federal habeas relief. *See Gaines v. Thaler*,

No. 3:11-CV-287-P-BH, 2011 WL 7068967 (N.D. Tex. Dec. 22, 2011), *rec. accepted*, 2012 WL

171548 (N.D. Tex. Jan. 18, 2012) (denying habeas relief); *Gaines v. Director*, No. 3:20-CV-

3598-X-BN, 2020 WL 10731763, at *1 (N.D. Tex. Dec. 16, 2020), *rec. accepted*, 2021 WL

3565569 (N.D. Tex. Aug. 12, 2021) (dismissing construed habeas petition for lack of jurisdiction).

In 2014, through counsel, Gaines filed a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. The State did not oppose DNA testing and the trial court granted the motion. Following testing of the evidence, the trial court reviewed the DNA test results and found that "had the test results been available during the trial of the offense, it was not reasonably probable that Gaines would not have been convicted." *See Gaines v. State*, No. 05-15-01144-CR, 2017 WL 1291685, at *1 (Tex. App. –Dallas Apr. 7, 2017, pet. ref'd). Gaines appealed. The state court of appeals affirmed the trial court's judgment finding the appeal to be frivolous and without merit. *Id*. The Texas Court of Criminal Appeals (CCA) subsequently refused Gaines' petition for discretionary review. *Gaines v. State*, No. PD-0488-17 (Tex. Crim. App. Sep. 20, 2017). Gaines followed with another state application for writ of habeas corpus, under art. 11.07, Tex. Code of Crim. Proc., which the CCA dismissed as successive. *In re Gaines*, No. WR-43,178-07 (Tex. Crim. App. Jan 9, 2019) (No. W0556570B).[1]

In 2020, the United States Court of Appeals for the Fifth Circuit also denied Gaines' motion for leave to file a successive 28 U.S.C. § 2254 application as to all but one claim. *In re Gaines*, No. 20-10064 (5th Cir. June 30, 2020). As to the DNA proceedings under article 64.01, the Fifth Circuit found that because the "claims were not previously available," they were "not

---

[1] The public dockets for the trial court, court of appeals, and CCA are available at, respectively, https://www.dallascounty.org/services/record-search/, https://search.txcourts.gov/CaseSearch.aspx?coa=coa05&s=c, and https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (all last accessed on Mar. 27, 2024).

successive, and Gaines is not required to obtain [the Fifth Circuit's] authorization to proceed with them in the district court." *Id.*

On February 20, 2024, Gaines filed this federal habeas petition under 28 U.S.C. § 2254. Doc. 3. In his amended petition, he challenges the Chapter 64 DNA proceedings on several fronts. Doc. 7 at 6-9. He alleges (1) counsel rendered ineffective assistance during the Chapter 64 proceedings and related appeal, (2) the trial court erred in denying him a hearing and the opportunity to cross examine the State's expert forensic scientist, and (3) the trial court erred in concluding that he was not entitled to relief based on the test results. *Id.* In the relief section, Gaines "request[s] a hearing . . . [to] prove [his] innocence . . . [and] show[] violation of ineffective assistance of counsel, 5th, 6th, and 14th amendment of the United States Constitution . . . ." Doc. 7 at 9

Gaines has also filed motions for (1) an evidentiary hearing, (2) expansion of the record under Habeas Rules 7 to introduce new evidence, and (3) discovery under Habeas Rules 6(a). Doc. 10; Doc. 11; Doc. 13. In the latter, he requests that the Court compel the state court to produce the "entire files DNA report, Mental Health file, and Dallas Police Department files." Doc. 11 at 4.

Having now reviewed the pleadings and law, the Court concludes that Gaines' claims provide no basis for federal habeas relief. Thus, his petition should be summarily dismissed.[2]

---

[2] Gaines has not paid the filing fee or filed a motion proceed *in forma pauperis*. Because the petition should be summarily dismissed, the Court finds no reason to require compliance with this Court's filing requirements.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See* Rule 4(b) of the Rules Governing Section 2254 Proceedings.  "This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Simply put, "[t]he district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Id.* (citation omitted).[3]

### A.  Texas DNA Testing Statute

"There is no free-standing due-process right to DNA testing, and the task of fashioning rules to 'harness DNA's power to prove innocence without unnecessarily overthrowing the established system of criminal justice' belongs 'primarily to the legislature.'" *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) (quoting *District Attorney's Office v. Osborne*, 557 U.S. 52, 62 (2009)).  The Texas Legislature created a two-step process for DNA testing in Chapter 64, which requires the judge of the convicting court to order DNA testing when requested by a convicted person if it finds that (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or materially

---

[3] Although the Court concludes here that no answer or other responsive pleading is necessary for the disposition of this case, the 14-day period to object to this recommendation will allow Gaines to explain why the petition should not be summarily dismissed as recommended.

altered; (3) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and (4) the perpetrator's identity was or is an issue in the case. *Gutierrez*, 337 S.W.3d at 889; Tex. Code Crim. Proc. art. 64.03(a)(1). The trial court must also find that the convicted person established by a preponderance of the evidence that he (1) would not have been convicted if exculpatory DNA test results had been obtained; and (2) is not requesting the testing to unreasonably delay the execution of his sentence or the administration of justice. *Gutierrez*, 337 S.W.3d at 889; Tex. Code Crim. Proc. art. 64.03(a)(2).

As noted *supra*, after examining the results, the trial court found Gaines failed at the second step and the court of appeals affirmed that decision. *See Gaines*, 2017 WL 1291685, at *1-2.

### B.  No Federal Habeas Claim for DNA Testing

Gaines contends, in essence, that the state trial court erred in finding that, had the DNA test results been available at trial, it was not reasonably probable that he would not have been convicted. Gaines' claim is not cognizable in this federal habeas action, however.

A federal habeas court is limited to addressing a claim that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States"—*not* in violation of state laws. 28 U.S.C. § 2254(a). Any entitlement to DNA testing is a question of state law and not one of federal constitutional magnitude. *See Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); *see also Richards v. District Attorney's Off.,* 355 F. App'x 826, 826 (5th Cir. 2009) (per curiam) ("There is no freestanding federal constitutional right to post-conviction access to DNA evidence for testing.") (citing *Dist. Attorney's Off. for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 73-74 (2009)).

In *Osborne*, the United States Supreme Court held that a state prisoner's right to postconviction DNA testing is not protected under "the broad parameters of the Due Process Clause." 557 U.S. at 56. And in *Skinner v. Switzer*, 562 U.S. 521 (2011), the Supreme Court held that, while a state prisoner seeking post-conviction DNA testing has the right "to show that the governing state law denies him procedural due process," such a claim must be presented in an action under 42 U.S.C. § 1983. *Id.* at 525. "Success in [such a] suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive," and "[i]n no event will a judgment that simply orders DNA tests 'necessarily imply the unlawfulness of the State's custody.'" *Id.* (cleaned up) (also noting *Osborne* "severely limits the federal action a state prisoner may bring for DNA testing").

Here, while Gaines' attempts to challenge the trial court's conclusion that, had the DNA test results been available at trial, it was not reasonably probable that he would not have been convicted, he *does not* claim that he was denied Constitutional due process under Texas' statutory framework for obtaining DNA testing.

Likewise, Gaines' complaints that counsel was constitutionally ineffective during the post-conviction DNA proceedings and the related appeal offer him no relief in this federal habeas proceeding because he again presents no federal constitutional issue. There is no constitutional right to counsel during a postconviction proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555-59 (1987), and, consequently, no right to counsel during state post-conviction DNA testing proceedings.

### III. CONCLUSION

In sum, because Gaines fails to present a cognizable basis for federal habeas relief, his petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on April 4, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).